UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN I. GEHRICH, on behalf of Himself and other similarly situated | ) ) | |
| Plaintiff, | ) ) | 1:12-cv-5510 |
| v. | ) ) | |
| CHASE BANK USA, N.A., | ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## COMPLAINT-CLASS ACTION

### INTRODUCTION

1. Plaintiff Jonathan I. Gehrich brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant, Chase Bank USA, N.A. ("Chase").

2. The Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. prohibits the use of predictive dialers to call cellular telephones. There exists an affirmative defense of "prior express consent," which is available only in circumstances where the called party provided his or her cellular telephone number to the caller or its privies.

3. Chase called plaintiff numerous times on his cellular telephone using predictive dialing equipment and a prerecorded voice, looking for some debtor other than Plaintiff. Calls persisted even though Plaintiff repeatedly told Chase that it was calling the wrong person and requested that the calls cease. Plaintiff ultimately changed his telephone number because Chase would not stop calling.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

1

4. Venue and personal jurisdiction in this District are proper because Chase resides within this District.

**PARTIES AND PERSONAL JURISDICTION**

5. Plaintiff is a natural person and a citizen of the state of Indiana.

6. Defendant, Chase Bank USA, N.A. is one of the largest banks in the world and has branch and corporate offices in this District.

**FACTS**

7. Chase called Plaintiff's cellular telephone numerous times within the four years immediately preceding the filing of this complaint. For some or all of the calls, Chase played an artificial or prerecorded voice message.

8. The calls to Plaintiff were attempting to locate and collect from an alleged debtor other than the Plaintiff.

9. Plaintiff did not provide his telephone number to Chase with respect to the alleged debt about which Chase was calling.

10. Consequently, Plaintiff did not consent to calls made to his cellular telephone by Chase. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012).

11. In fact, Plaintiff called Chase and (1) notified Chase that they were calling the wrong person and (2) asked for the calls to cease.

12. Chase received, but did not heed, plaintiff's requests that calls cease.

13. Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional

findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## COUNT I – TCPA

14. Plaintiff incorporates all previous paragraphs.

15. Chase violated the TCPA by placing automated calls to plaintiff and the class members' cell phones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

16. Chase has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

17. Chase's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of a class, consisting of:

All persons who, on or after June 12, 2008, defendant or someone on its behalf called a cell phone number using predictive dialing equipment and/or a prerecorded or artificial voice where defendant did not obtain the phone number called from the called party, with respect to the subject matter of the alleged debt being collected (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call, or defendant was calling a wrong number).

19. The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

20. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a. Whether Chase used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b. Whether Chase used an "artificial or prerecorded voice" as used in the TCPA and applicable FCC regulations and orders, during calls to cellular telephones;

    c. Damages, including whether the violations were negligent, willful or knowing.

21. The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

22. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

23. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Chases is small because it is not economically feasible to bring individual actions.

24. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against Chases for:

    A.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    B.    An injunction against further violations;

    C.    A declaration that Chase's equipment and messages are regulated by the TCPA;

    D.    Costs of suit;

    E.    Reasonable attorney's fees as part of a common fund, if any;

    F.    Such other or further relief as the Court deems just and proper.

/s/ Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com
Co-Counsel for Plaintiffs

/s/ Syed Ali Saeed
Syed Ali Saeed (#28759-49)
Saeed & Little, LLP
1512 N. Delaware Street
Indianapolis, IN 46202
Phone: 317-614-5741
Fax: 888-422-3151
Email: Ali@SLLawfirm.com
Pro Hac Vice Application to be Filed


**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

/s/ Syed Ali Saeed
Syed Ali Saeed
**Saeed & Little, LLP**
1512 N. Delaware St.
Indianapolis, IN 46202
(317)-614-5741
(888)-422-3151 (Fax)
Ali@SLLawfirm.com


**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol

6

relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke
Alexander H. Burke

/s/ Syed Ali Saeed
Syed Ali Saeed