**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN I. GEHRICH, on behalf of Himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-cv-5510 |
| vs. | ) ) | Hon. Gary Feinerman |
| CHASE BANK USA, N.A., | ) ) | |
| Defendant. | ) | |

## CHASE BANK USA, N.A.'S ANSWER

Defendant, Chase Bank USA, N.A., ("Chase"), by and through its attorneys, answers Plaintiff's Class Action Complaint and as follows:

### Complaint ¶ 1

Plaintiff Jonathan I. Gehrich brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant, Chase Bank USA, N.A. ("Chase").

### Answer ¶ 1

Chase admits that Plaintiff Jonathan I. Gehrich purports to bring an action against Chase. Chase denies that it engaged in unlawful credit and collection practices and denies each and every remaining allegation contained in Paragraph 1.

### Complaint ¶ 2

The Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. prohibits the use of predictive dialers to call cellular telephones. There exists an affirmative defense of "prior express consent," which is available only in circumstances where the called party provided his or her cellular telephone number to the caller or its privies.

**Answer ¶ 2**

Chase admits that The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA") is a currently existing federal statute. Chase further admits that there exists a defense of "prior express consent" to a claim for a violation of the TCPA. The remaining allegations are conclusions of law to which no response is required, but to the extent a response is required Chase denies the remaining allegations of Paragraph 2.

**Complaint ¶ 3**

Chase called plaintiff numerous times on his cellular telephone using predictive dialing equipment and a prerecorded voice, looking for some debtor other than Plaintiff. Calls persisted even though Plaintiff repeatedly told Chase that it was calling the wrong person and requested that the calls cease. Plaintiff ultimately changed his telephone number because Chase would not stop calling.

**Answer ¶ 3**

Chase admits that it attempted to contact Plaintiff on his delinquent credit card account by dialing a telephone number that was provided to Chase by the Plaintiff. Chase denies each and every remaining allegation contained in the first and second sentences of Paragraph 3. With respect to the allegations contained in the third sentence of Paragraph 3, Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**Complaint ¶ 3 [sic]**

This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

**Answer ¶ 3**

Admitted.

**Complaint ¶ 4**

Venue and personal jurisdiction in this District are proper because Chase resides within this District.

**Answer ¶ 4**

Chase admits that it is a national banking association organized and operated under the laws of the United States with its main office in Wilmington, Delaware.

**Complaint ¶ 5**

Plaintiff is a natural person and a citizen of the state of Indiana.

**Answer ¶ 5**

Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

**Complaint ¶ 6**

Defendant, Chase Bank USA, N.A. is one of the largest banks in the world and has branch and corporate offices in this District.

**Answer ¶ 6**

Chase admits that it is a national banking association organized and operated under the laws of the United States with its main office in Wilmington, Delaware. Chase denies each and every remaining allegation contained in Paragraph 6.

**Complaint ¶ 7**

Chase called Plaintiff's cellular telephone numerous times within the four years immediately preceding the filing of this complaint. For some or all of the calls, Chase played an artificial or prerecorded voice message.

**Answer ¶ 7**

Chase admits that it attempted to contact Plaintiff on his delinquent credit card account by dialing a telephone number that was provided to Chase by the Plaintiff. Chase denies each and every remaining allegation contained in Paragraph 7.

### Complaint ¶ 8

The calls to Plaintiff were attempting to locate and collect from an alleged debtor other than the Plaintiff.

### Answer ¶ 8

Denied.

### Complaint ¶ 9

Plaintiff did not provide his telephone number to Chase with respect to the alleged debt about which Chase was calling.

### Answer ¶ 9

Denied.

### Complaint ¶ 10

Consequently, Plaintiff did not consent to calls made to his cellular telephone by Chase. *Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637 (7th Cir. 2012).

### Answer ¶ 10

Paragraph 10 contains a legal conclusion to which no response is required, but to the extent a response is required Chase denies the remaining allegations of Paragraph 10.

### Complaint ¶ 11

In fact, Plaintiff called Chase and (1) notified Chase that they were calling the wrong person and (2) asked for the calls to cease.

### Answer ¶ 11

Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 concerning the content of the alleged communication.

### Complaint ¶ 12

Chase received, but did not heed, plaintiff's requests that calls cease.

### Answer ¶ 12

Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

### Complaint ¶ 13

Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

### Answer ¶ 13

Chase denies each and every allegation contained in Paragraph 13.

### COUNT I - TCPA

### Complaint ¶ 14

Plaintiff incorporates all previous paragraphs.

### Answer ¶ 14

Chase incorporates by this reference its answer and responses to Paragraphs 1-13.

### Complaint ¶ 15

Chase violated the TCPA by placing automated calls to plaintiff and the class members' cell phones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

### Answer ¶ 15

Chase denies each and every allegation contained in Paragraph 15.

**Complaint ¶ 16**

Chase has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

**Answer ¶ 16**

Chase denies each and every allegation contained in Paragraph 16.

**Complaint ¶ 17**

Chase's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

**Answer ¶ 17**

Chase denies each and every allegation contained in Paragraph 17.

**CLASS ALLEGATIONS**

**Complaint ¶ 18**

Plaintiff brings this claim on behalf of a class, consisting of:

All persons who, on or after June 12, 2008, defendant or someone on its behalf called a cell phone number using predictive dialing equipment and/or a prerecorded or artificial voice where defendant did not obtain the phone number called from the called party, with respect to the subject matter of the alleged debt being collected (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call, or defendant was calling a wrong number).

**Answer ¶ 18**

Chase admits that Plaintiff purports to allege a putative class action in this litigation. Chase denies that this litigation is appropriate for class treatment, and further denies that Plaintiff is an appropriate representative for this putative class action. Chase denies each and every remaining allegation contained in Paragraph 18.

### Complaint ¶ 19

The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

### Answer ¶ 19

Chase denies each and every allegation contained in Paragraph 19.

### Complaint ¶ 20

There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a.    Whether Chase used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b.    Whether Chase used an "artificial or prerecorded voice" as used in the TCPA and applicable FCC regulations and orders, during calls to cellular telephones;

    c.    Damages, including whether the violations were negligent, willful or knowing.

### Answer ¶ 20

Chase denies each and every allegation contained in Paragraph 20 including each and every allegation in subparts a-c.

### Complaint ¶ 21

The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

### Answer ¶ 21

Chase denies each and every allegation contained in Paragraph 21.

### Complaint ¶ 22

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling

class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

### Answer ¶ 22

Chase denies each and every allegation contained in the first sentence of Paragraph 22. Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 22.

### Complaint ¶ 23

A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Chases is small because it is not economically feasible to bring individual actions.

### Answer ¶ 23

Chase denies each and every allegation contained in Paragraph 23.

### Complaint ¶ 24

Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

### Answer ¶ 24

Chase denies each and every allegation contained in Paragraph 24.

### Complaint ¶ 25

Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

### Answer ¶ 25

Chase denies each and every allegation contained in Paragraph 25.

### Complaint ¶ 26

Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

### Answer ¶ 26

Chase denies each and every allegation contained in Paragraph 26.

WHEREFORE, Chase denies that Plaintiff is entitled to judgment, damages, or any form of relief whatsoever through this litigation.

### CHASE BANK USA, N.A.'S AFFIRMATIVE DEFENSES

Chase hereby pleads the following affirmative defenses in response to Plaintiff's Complaint in this matter.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior decision to provide his telephone number to Chase voluntarily, whereby Plaintiff expressly consented to receive communications from Chase via that telephone number.

3. Plaintiff's claims are barred by waiver and estoppel.

4. Plaintiff's claims and/or the claims of the putative class are barred by the applicable statute of limitations.

5. Plaintiff has suffered no actual damages and/or has failed to mitigate its damages, if any.

6. At all times Chase acted in a commercially reasonable and lawful manner.

7. Plaintiff's claims are barred, in whole or in part, by the parties' preexisting commercial relationship.

8. Plaintiff is barred from recovery by the doctrine of laches because Plaintiff knew of the purported acts or omissions he ascribes to Chase and was fully aware of his rights against Chase (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Chase.

9. Plaintiff is precluded from any recovery from Chase, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

10. Plaintiff is precluded from any recovery from Chase for a willful and knowing violation of the TCPA because any such violation (which Chase denies occurred) would not have been willful or knowing.

11. The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

12. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Chase.

13. The claims of Plaintiff and/or some members of the putative class may be subject to mandatory non-class arbitration.

Dated: November 13, 2012                    Respectfully submitted,

                                                             By: /s/ Kenneth M. Kliebard
                                                                  Kenneth M. Kliebard
                                                                  kkliebard@morganlewis.com
                                                                   Tedd M. Warden
                                                                  twarden@morganlewis.com
                                                                  MORGAN, LEWIS & BOCKIUS LLP
                                                                  77 West Wacker Drive, Suite 500
                                                                  Chicago, IL 60601
                                                                  Telephone: (312) 324-1000
                                                                  Facsimile: (312) 324-1001

## **CERTIFICATE OF SERVICE**

I, Kenneth M. Kliebard, certify that on November 13, 2012, I caused to be filed Chase Bank USA, N.A.'s Answer to Plaintiff's Class Action Complaint via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard