UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN I. GEHRICH, on behalf of Himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) | 1:12-cv-5510 |
| VS. | ) ) ) | Hon. Gary Feinerman |
| CHASE BANK USA, N.A., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## INITIAL STATUS REPORT

**A. Nature of the Case**

    **1. Attorneys of record, and lead trial counsel, for each party.**

    **Counsel For Plaintiff:**

| | |
|---|---|
| Alexander H. Burke | Syed Ali Saeed |
| Burke Law Offices, LLC | Saeed & Little, LLP |
| 155 N. Michigan Ave., Suite 9020 | (317) 614-5741 |
| Chicago, IL 60601 | (888) 422-3151 |
| (312) 729-5288 | 1433 N. Meridian St. Ste 202 |
| (312) 729-5289 (fax) | Indianapolis, IN 46202 |
| ABurke@BurkeLawLLC.com | |
| www.BurkeLawLLC.com | |

Beth Terrell *pro hac vice* pending
Kimberlee L. Gunning, *pro hac vice* pending
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street, Suite 400
Seattle, WA 98103
(206) 816-6603
(206) 350-3528 (fax)
beth@tmdwlaw.com
kgunning@tmdwlaw.com

**Counsel for Defendant:**

Kenneth M. Kliebard (Lead Trial Counsel)
Tedd M. Warden
Morgan, Lewis & Bockius LLP

77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1774
(312) 324-1001
kkliebard@morganlewis.com
twarden@morganlewis.com
www.morganlewis.com

**2. Basis for federal jurisdiction.**

Federal question jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). Jurisdiction is also proper under the Class Action Fairness Act of 2005.

**3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**

The Telephone Consumer Protection Act, 47 U.S.C. §227(b) prohibits the use of any "automatic telephone dialing system," or prerecorded voice message, for calls to cell phones in certain circumstances. Plaintiff contends that defendant called his cellular telephone using such equipment, and defendant has indicated that there were approximately twenty-five calls.

**4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.**

Defendant answered the complaint on November 13, 2012.

**5. Principal legal and factual issues.**

Plaintiff contends that the principal factual issue is whether defendant used an "automatic telephone dialing system" and/or "artificial or prerecorded voice" in calls to plaintiff and class members' cell phones.

Defendant contends that the principal factual issues include (1) whether plaintiff provided consent; (2) whether plaintiff was charged for the call(s); and (3) whether the communications challenged by plaintiff fall within the purview of the TCPA.

**6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.**

The sole defendant has been served.

**B. Proceedings to Date**

**1. Summary of all substantive rulings (including discovery rulings) to date.**

None.

**2. Description of all pending motions, including date of filing and briefing schedule.**

Plaintiff filed a class certification motion along with the complaint in order to prevent the class case from being mooted.

**C. Discovery and Case Plan**

**1. Summary of discovery, formal and informal, that has already occurred.**

The parties have done substantial informal discovery as to plaintiff's individual claims. Plaintiff subpoenaed his cellular telephone records, which show multiple calls from Chase. Chase has performed preliminary analysis of those records and has suggested that plaintiff was called on two separate accounts on plaintiff's cellular telephone for approximately twenty-five calls.

**2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately**

**Discovery will encompass ESI, and the parties have established the following plan to ensure that it proceeds appropriately:**

Chase indicated during the planning meeting that it preserves most documents for seven years. Although other ESI issues (including format, storage and location) were raised during the planning meeting, the parties were not able to have a complete substantive discussion about these issues. Plaintiffs have issued a follow up Fed.R.Civ.P. 30(b)(6) deposition notice regarding ESI in order to obtain this information directly from Chase. Once plaintiff has information regarding Chase's ESI (*e.g*., scope, format, backup, location), he will be in a position to propose a plan to ensure that such discovery proceeds appropriately.

**3. Proposed scheduling order.**

a. Deadline for Rule 26(a)(1) disclosures: December 21, 2012.

b. Deadline for issuing written discovery requests: November 30, 2013.

c. Deadline for completing fact discovery: December 31, 2013.

d. Whether discovery should proceed in phases: Plaintiff contends that discovery should not proceed in phases.

e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions: Expert testimony will likely be needed, and the scope and topics of such testimony should be known following initial discovery.

f. Deadline for amending the pleadings and bringing in other parties: July 31, 2013.

g. Deadline for filing dispositive motions: March 31, 2014.

4. Whether there has been a jury demand: Plaintiff has requested a trial by jury.

5. Estimated length of trial. Plaintiff estimates a four-day trial.

**D. Settlement**

**1. Describe settlement discussions to date and whether those discussions remain ongoing.**

Defendant made an individual settlement offer on December 7, 2012; plaintiff has not responded.

**2. Whether the parties request a settlement conference.**

Plaintiff is amenable to having a settlement conference or private mediation, but will need information about the number of class members and number of calls in order to engage in meaningful negotiations. Defendant is amenable to a settlement conference or private mediation.

**E. Magistrate Judge**

**1. Whether the parties consent to proceed before a magistrate judge for all purposes.**

The parties do not unanimously consent to the jurisdiction of the magistrate judge.

**2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.**

No matters have been referred to the magistrate judge so far.

Respectfully submitted,

**Counsel For Plaintiff:**

| | |
|---|---|
| Alexander H. Burke | Syed Ali Saeed |
| | Saeed & Little, LLP |
| Alexander H. Burke | (317) 614-5741 |
| Burke Law Offices, LLC | (888) 422-3151 |
| 155 N. Michigan Ave., Suite 9020 | 1433 N. Meridian St. Ste 202 |
| Chicago, IL 60601 | Indianapolis, IN 46202 |
| (312) 729-5288 | |
| (312) 729-5289 (fax) | |
| ABurke@BurkeLawLLC.com | |
| www.BurkeLawLLC.com | |

Beth Terrell *pro hac vice* pending
Kimberlee L. Gunning, *pro hac vice* pending
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street, Suite 400

Seattle, WA 98103
(206) 816-6603
(206) 350-3528 (fax)
beth@tmdwlaw.com
kgunning@tmdwlaw.com

**Counsel for Defendant:**

Kenneth M. Kliebard

Kenneth M. Kliebard
Tedd M. Warden
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1774
(312) 324-1001
kkliebard@morganlewis.com
twarden@morganlewis.com
www.morganlewis.com