IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, on behalf of himself and others similarly situated,<br><br>                     Plaintiff,<br>   v.<br>CHASE BANK USA, N.A., and J.P. MORGAN CHASE BANK, N.A.,<br><br>                     Defendants. | NO. 1:12-cv-5510<br><br>Judge Gary Feinerman<br>Magistrate Judge Daniel G. Martin |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**I. INTRODUCTION**

1. Plaintiff Jonathan I. Gehrich brings this action to secure redress from unlawful practices engaged in by Defendants, Chase Bank USA, N.A. ("Chase") and J.P. MORGAN CHASE BANK, N.A. ("JPMC").

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., prohibits the use of automatic telephone dialing systems to call cellular telephones or to send text messages to cellular telephones. There exists an affirmative defense of "prior express consent," which is available only in circumstances where the called party provided his or her cellular telephone number to the caller or its privies.

3. Chase and JPMC called and sent text messages to Plaintiff numerous times on his cellular telephone using an automatic telephone dialing system and/or a prerecorded voice, looking for some account holder or debtor other than Plaintiff in some instances, and trying to contact Plaintiff in other instances. Calls persisted even though Plaintiff repeatedly told Chase and JPMC that it was calling the wrong person and requested that the calls cease. Plaintiff ultimately changed his telephone number because Chase and JPMC would not stop calling.

**II. VENUE AND JURISDICTION**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

5. Venue and personal jurisdiction in this District are proper because Chase and JPMC reside within this District.

### III. PARTIES AND PERSONAL JURISDICTION

6. Plaintiff is a natural person and a citizen of the State of Indiana.

7. Defendant, Chase Bank USA, N.A. is one of the largest banks in the world and has branch and corporate offices in this District.

8. Defendant, J.P. Morgan Chase Bank, N.A. is the largest bank in the United States and has corporate offices in this District. Chase is a subsidiary of JPMC.

### IV. FACTS

9. Chase and JPMC called and sent text messages to Plaintiff's cellular telephone numerous times after July 12, 2008. For some or all of the calls, Chase and JPMC played artificial or prerecorded voice messages.

10. Some of the calls and text messages to Plaintiff were attempting to locate and collect from an alleged debtor other than the Plaintiff. Other calls to Plaintiff were made with the intention of contacting Plaintiff.

11. Plaintiff did not provide prior express consent to Chase or JPMC to call his cell phone using the challenged equipment or messages, with respect to the accounts or alleged debts about which Chase and JPMC were calling.

12. In fact, Plaintiff called Chase and JPMC and: (1) notified Chase and JPMC that they were calling the wrong person; and (2) asked for the calls to cease.

13. Chase and JPMC received, but did not heed, Plaintiff's requests that calls cease.

14. Plaintiff and the class have been substantially damaged by Defendants' calls and text messages. Their privacy was improperly invaded, they were charged for the calls and text messages and they were annoyed. *Mims v. Arrow Financial Services, Inc.,* 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating

that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## V.  COUNT I – TCPA

15. Plaintiff incorporates all previous paragraphs.

16. Chase and JPMC violated the TCPA by placing automated calls and sending automated text messages to Plaintiff and the class members' cell phones using its automatic telephone dialing system and/or prerecorded or artificial voice without the consent of the called party.

17. Chase and JPMC have policies, practices or procedures of placing calls and sending text messages to cell phones regarding the collection of alleged debts, and for other purposes, without the prior consent of the called parties.

18. Defendants' violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. § 312(f)(1).

## VI.  CLASS ALLEGATIONS

19. Plaintiff brings this claim on behalf of a class, consisting of:

> All persons who, on or after June 15, 2008, either defendant, or someone on its behalf, called or messaged to a cell phone number using an automated dialing equipment and/or a prerecorded or artificial voice where defendants did not obtain the phone number called from the called party, with respect to the subject matter of the account and/or the alleged debt being collected (for example, where the number was obtained through skip tracing or captured by the defendants' equipment from an inbound call, or defendants were calling a wrong number).

20. The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

21. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

a. Whether Chase and JPMC used automatic telephone dialing systems as is used in the TCPA and applicable FCC regulations and orders to place the calls and send the text messages at issue;

b. Whether Chase and JPMC used an "artificial or prerecorded voice" as used in the TCPA and applicable FCC regulations and orders, during calls to cellular telephones; and

c. Damages, including whether the violations were negligent, willful or knowing.

22. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

23. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Chases is small because it is not economically feasible to bring individual actions.

24. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, *e.g*., for securities fraud.

25. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

26. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely

create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Chase and JPMC for:

    A.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    B.    An injunction against further violations;

    C.    A declaration that defendants' equipment and messages are regulated by the TCPA;

    D.    Costs of suit;

    E.    Reasonable attorney's fees as part of a common fund, if any; and

    F.    Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 25th day of February, 2013.

BURKE LAW OFFICES, LLC

By:   /s/ Alexander H. Burke
Alexander H. Burke
Email:  aburke@burkelawllc.com
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601
Telephone:  (312) 729-5288
Facsimile:  (312) 729-5289

Syed Ali Saeed
SAEED & LITTLE, LLP
1433 North Meridian Street, Suite 202
Indianapolis, Indiana  46202
Telephone:  (317) 614-5741
Facsimile:  (888) 422-3151

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@tmdwlaw.com
Kimberlee L. Gunning, *Admitted Pro Hac Vice*

- 6 -

        Email:  kgunning@tmdwlaw.com
        TERRELL MARSHALL DAUDT & WILLIE PLLC
        936 North 34th Street, Suite 400
        Seattle, Washington 98103-8869
        Telephone:  (206) 816-6603
        Facsimile:  (206) 350-3528

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

DATED this 25th day of February, 2013.

BURKE LAW OFFICES, LLC


By:   /s/ Alexander H. Burke
      Alexander H. Burke
      Email:  aburke@burkelawllc.com
      155 North Michigan Avenue, Suite 9020
      Chicago, Illinois  60601
      Telephone:  (312) 729-5288
      Facsimile:  (312) 729-5289

      Syed Ali Saeed
      SAEED & LITTLE, LLP
      1433 North Meridian Street, Suite 202
      Indianapolis, Indiana  46202
      Telephone:  (317) 614-5741
      Facsimile:  (888) 422-3151

- 8 -

        Beth E. Terrell, *Admitted Pro Hac Vice*
        Email: bterrell@tmdwlaw.com
        Kimberlee L. Gunning, *Admitted Pro Hac Vice*
        Email:  kgunning@tmdwlaw.com
        TERRELL MARSHALL DAUDT & WILLIE PLLC
        936 North 34th Street, Suite 400
        Seattle, Washington  98103-8869
        Telephone:  (206) 816-6603
        Facsimile:  (206) 350-3528

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I, Alexander H. Burke, hereby certify that on February 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kenneth Michael Kliebard
>Email: kkliebard@morganlewis.com
>Tedd Macrae Warden
>Email: twarden@morganlewis.com
>MORGAN LEWIS & BOCKIUS LLP
>77 West Wacker Drive
>Chicago, Illinois 60601-5094
>Telephone: (312) 324-1774
>Facsimile: (312) 324-1001
>
>*Attorneys for Defendant Chase Bank USA, N.A.*

DATED this 25th day of February, 2013.

>BURKE LAW OFFICES, LLC
>
>By: /s/ Alexander H. Burke
>Alexander H. Burke
>Email: aburke@burkelawllc.com
>155 North Michigan Avenue, Suite 9020
>Chicago, Illinois 60601
>Telephone: (312) 729-5288
>Facsimile: (312) 729-5289
>
>*Attorneys for Plaintiff*