IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | NO. 1:12-CV-5510 |
| v. | |
| CHASE BANK USA, N.A., and JPMORGAN CHASE BANK, N.A., | Honorable Gary Feinerman |
| Defendants. | |

**SECOND AMENDED COMPLAINT – CLASS ACTION**

**I. INTRODUCTION**

1.       Plaintiffs Jonathan Gehrich, Robert Lund, Corey Goldstein, Paul Stemple and

Carrie Couser bring this action to secure redress from unlawful practices engaged in by

Defendants, Chase Bank USA, N.A. ("Chase USA") and JPMorgan Chase Bank, N.A. ("JPMC

Bank").

2.       The Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits the use of

automatic telephone dialing systems ("ATDS") to call cellular telephones or to send text

messages to cellular telephones. There exists an affirmative defense of "prior express consent,"

which is available only in circumstances where the called party provided his or her cellular

telephone number to the caller or its privies.

3.       Chase USA and JPMC Bank called and/or sent text messages, voice alerts, and

SMS messages ("alerts") to Plaintiffs and the Class numerous times on their cellular telephones

using an ATDS and/or a prerecorded voice. Calls persisted even though Plaintiffs repeatedly requested that the calls cease.

## II. VENUE AND JURISDICTION

4.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

5.    Venue and personal jurisdiction in this District are proper because Chase USA and JPMC Bank reside within this District.

## III. PARTIES

6.    Plaintiff Jonathan Gehrich is a natural person and a citizen of the State of Indiana.

7.    Plaintiff Robert Lund is a natural person and a citizen of the State of California.

8.    Plaintiff Corey Goldstein is a natural person and a citizen of the State of California.

9.    Plaintiff Paul Stemple is a natural person and a citizen of the State of California.

10.   Plaintiff Carrie Couser is a natural person and a citizen of the State of California.

11.   Chase USA is one of the largest banks in the world and has customers in this District.  Chase USA offers its customers credit cards.  Chase USA does not offer its customers deposit accounts.

12.   JPMC Bank is the largest bank in the United States and has branches in this District.  JPMC Bank offers its customers deposit accounts and debit cards linked to deposit accounts.  JPMC Bank does not offer credit cards.

## IV. FACTS

**A.    Plaintiff Gehrich**

13.   Chase USA and JPMC Bank called and sent voice alert messages to Plaintiff Gehrich's cellular telephone numerous times after July 12, 2005.  For some or all of the calls, Chase USA and JPMC Bank played artificial or prerecorded voice messages.

14.   Some of the calls to Plaintiff Gehrich were attempting to locate and collect from an alleged debtor other than Plaintiff.  Other calls and voice alert messages to Plaintiff Gehrich were made with the intention of contacting Plaintiff.

15.     Plaintiff Gehrich did not provide prior express consent to Chase USA or JPMC Bank to call his cell phone using the challenged equipment or messages, with respect to the accounts or alleged debts about which Chase USA and JPMC Bank were calling.

16.     In fact, Plaintiff Gehrich called Chase USA and JPMC Bank and: (1) notified Chase USA and JPMC Bank that they were calling the wrong person; and (2) asked for the calls to cease.

17.     Chase USA and JPMC Bank received, but did not heed, Plaintiff Gehrich's requests that calls cease.

**B.     Plaintiff Lund**

18.     On or before July 1, 2011, Chase USA began calling Plaintiff Lund on his cellular telephone number ending 0500 using an ATDS.

19.     During the months of July and August of 2011, Chase USA placed at least sixteen calls to Plaintiff Lund's cellular telephone number regarding a past-due credit card account belonging to his wife.

20.     At no time did Plaintiff Lund give his consent for Chase USA to place such calls to him.

**C.     Plaintiff Goldstein**

21.     Beginning in mid-2009, Chase USA began contacting Plaintiff Goldstein with an ATDS using an "artificial or prerecorded voice" in order to collect upon a debt alleged to be owed by Goldstein on a credit card account.

22.     On good faith information and belief, Plaintiff Goldstein did not provide his cellular telephone number to Chase USA through any medium at any time.

23.     On good faith information and belief, at no time did Plaintiff Goldstein ever consent to be called on his cell phone by with Chase USA.

24.     Plaintiff Goldstein received approximately thirty calls from Chase USA where Chase USA used an "artificial or prerecorded voice" in conjunction with an ATDS.

**D.      Plaintiff Stemple**

25.      Beginning in December 2012, JPMC Bank began contacting Plaintiff Stemple with an ATDS using an "artificial or prerecorded voice" in order to collect upon a debt associated with an account that does not belong to Stemple.

26.      On good faith information and belief, Plaintiff Stemple did not provide his cellular telephone number to JPMC Bank in reference to this specific debt.

27.      Plaintiff Stemple received approximately four calls from JPMC Bank where JPMC Bank used an "artificial or prerecorded voice" in conjunction with an ATDS.

**E.      Plaintiff Couser**

28.      Beginning in November 2012, JPMC Bank began contacting Plaintiff Couser with an ATDS using an "artificial or prerecorded voice" in order to collect upon a debt associated with an account that does not belong to Couser.

29.      On good faith information and belief, Plaintiff Couser did not provide her cellular telephone number to JPMC Bank to contact Couser in reference to this specific debt.

30.      Plaintiff Couser received approximately twelve calls from JPMC Bank where JPMC Bank used an "artificial or prerecorded voice" in conjunction with an ATDS.

**F.      Defendants' Calls and Alerts to Plaintiffs Violate the Law**

31.      The telephone numbers to which Defendants placed automatic calls and sent alerts were assigned to cellular telephone services for which Plaintiffs incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

32.      These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33.      Plaintiffs did not provide express consent to receive calls or messages on Plaintiffs' cellular telephones pursuant to 47 U.S.C. § 227(b)(1)(A).

34.      These telephone communications by Defendants, or their agents, violated 47 U.S.C. § 227(b)(1).

- 4 -

35.     Plaintiffs and the Class have been substantially damaged by Defendants' calls and alerts.  Their privacy was improperly invaded, they were charged for the calls and alerts and they were annoyed.  *See Mims v. Arrow Financial Services, Inc.,* 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## V. COUNT I – TCPA

36.     Plaintiffs incorporate all previous paragraphs.

37.     Chase USA and JPMC Bank violated the TCPA by placing automated calls and sending automated alerts to Plaintiffs and the Class members' cell phones using an ATDS and/or prerecorded or artificial voice without the consent of the called party.

38.     Chase USA and JPMC Bank have policies, practices or procedures of placing calls and sending alerts to cell phones regarding the collection of alleged debts, and for other purposes, without the prior consent of the called parties.

39.     Defendants' violations were negligent, or alternatively, they were willful or knowing.  47 U.S.C. § 312(f)(1).

## VI. CLASS ALLEGATIONS

40.     Plaintiffs bring this claim on behalf of a class ("Class"), consisting of:

> All persons to whom, on or after July 1, 2008 through December 31, 2013, Chase USA and/or JPMC Bank placed a non-emergency call, SMS text message or voice alert call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

The Class is comprised of the Alert Call Subclass and Collection Call Subclass.  Excluded from the Class are the Judges to whom this action is assigned and any member of the Judges' staff and immediate family, as well as all persons who validly request exclusion from the Class.

41.     The Class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiffs allege that there are more than 40 members of the Class.

42.     There are questions of law and fact common to the Class which predominate over any questions affecting an individual Class member. The predominant common questions include:

        a.     Whether Chase USA and JPMC Bank used automatic telephone dialing systems, as is used in the TCPA and applicable FCC regulations and orders, to place the calls and send the alerts at issue;

        b     Whether Chase USA and JPMC Bank used an "artificial or prerecorded voice," as used in the TCPA and applicable FCC regulations and orders, during calls and alerts to cellular telephones; and

        c.     Damages, including whether the violations were negligent, willful or knowing.

43.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

44.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, *e.g.,* for securities fraud.

46.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

47.     Defendants have acted on grounds generally applicable to the Class, thereby making relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Chase USA and JPMC Bank for:

A.     Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

B.     An injunction against further violations;

C.     A declaration that Defendants' equipment and messages are regulated by the TCPA;

D.     Costs of suit;

E.     Reasonable attorney's fees as part of a common fund, if any; and

F.     Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 26th day of June, 2014.

BURKE LAW OFFICES

By: /s/ Alexander H. Burke
          Alexander H. Burke
          Email: aburke@burkelawllc.com
          155 North Michigan Avenue, Suite 9020
          Chicago, Illinois 60601
          Telephone: (312) 729-5288
          Facsimile: (312) 729-5289

Syed Ali Saeed, *Admitted Pro Hac Vice*
SAEED & LITTLE, LLP
1433 North Meridian Street, Suite 202
Indianapolis, Indiana 46202
Telephone: (317) 614-5741
Facsimile: (888) 422-3151

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Joshua Swigart, *Pro Hac Vice Pending*
HYDE & SWIGART LLP
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, *Pro Hac Vice Pending*
KAZEROUNI LAW GROUP, APC
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Todd Friedman, *Illinois Bar No. 6276496*
LAW OFFICE OF TODD FRIEDMAN
8730 Wilshire Blvd. #310
Beverly Hills, California 90211
Telephone: (888) 373-9672

Mark Ankcorn, *N.D. Ill. General Bar No. 1159690*
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
Del Mar, California 92130
Telephone: (619) 870-0600

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by Jury.

CERTIFICATE OF SERVICE

I, Alexander H. Burke, hereby certify that on June 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth Michael Kliebard
Email: kkliebard@morganlewis.com
Tedd Macrae Warden
Email: twarden@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: (312) 324-1774
Facsimile: (312) 324-1001

Julia B. Strickland
Email: jstrickland@stroock.com
Arjun P. Rao, *Admitted Pro Hac Vice*
Email: arao@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086
Telephone: (310) 556-5800
Facsimile: (310) 556-5959

*Attorneys for Defendants*

DATED this 26th day of June, 2014.

BURKE LAW OFFICES

By: /s/ Alexander H. Burke
    Alexander H. Burke
    Email: aburke@burkelawllc.com
    155 North Michigan Avenue, Suite 9020
    Chicago, Illinois 60601
    Telephone: (312) 729-5288
    Facsimile: (312) 729-5289

*Attorneys for Plaintiffs*

- 10 -