IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>CHASE BANK USA, N.A., and JPMORGAN CHASE BANK, N.A.,<br><br>                Defendants. | NO. 1:12-CV-5510<br><br>Honorable Gary Feinerman |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on the motion for preliminary approval of a proposed class action settlement ("Motion For Preliminary Approval") of the above-captioned matter (the "Action") between plaintiffs Robert Lund, Corey Goldstein, Paul Stemple, Carrie Couser, and Jonathan Gehrich (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and defendants Chase Bank USA, N.A. ("Chase USA") and JPMorgan Chase Bank, N.A. ("JPMC Bank" and together with Chase USA, "Chase" or the "Defendants," and together with Chase USA and Plaintiffs, the "Parties"), pursuant to the Parties' Settlement

Agreement and Release (the "Settlement Agreement" or "Settlement")[1], and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Settlement Agreement.

    2.    The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement: (a) has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Edward A. Infante (Ret.) of JAMS as mediator; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding of admission of liability by the Defendants.

**Settlement Class Certification**

    3.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All persons to whom, on or after July 1, 2008 through December 31,2013, Chase USA and/or JPMC Bank placed a non-emergency call, SMS text message or voice alert call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

The Settlement Class is comprised of two subclasses – the Alert Call Subclass and the Collection Call Subclass. The Court conditionally certifies the Alert Call Subclass, consisting of:

---

[1] On August 4, 2014, the Parties, through their counsel of record, executed an Amendment to the Settlement Agreement and Release ("Amendment to Settlement Agreement"). Any reference to the Settlement Agreement herein includes the Amendment to Settlement Agreement.

> Persons whom, on or after July 1, 2008 through December 31, 2013 received one or more Short Message Service ("SMS") text messages or voice alert calls to a cellular telephone using an automatic telephone dialing system and/or prerecorded voice placed either directly or indirectly by Chase USA or JPMC Bank in connection with providing account information ("Automatic Alert Calls"). The Alert Call Subclass includes, without limitation, persons to whom such Automatic Alerts were placed notwithstanding that they are not Chase customers and/or not the person to whom the Automatic Alert was intended to be directed (these persons are referred to herein as "Wrong Party Alert Subclass Members"). Alert Call Subclass Members did not also receive Collection Calls.

The Court also conditionally certifies the Collection Call Subclass, consisting of:

> Persons whom, on or after July 1, 2008 through December 31, 2013 received one or more non-emergency telephone calls to cellular telephones placed either directly or indirectly by Chase USA or JPMC Bank using an automatic telephone dialing system and/or artificial prerecorded voice in connection with attempts to collect debts relating to Chase credit card accounts or JPMC Bank accounts ("Collection Calls"). The Collection Call Subclass includes, without limitation, persons to whom such Collection Calls were placed notwithstanding that they are not Chase customers and/or not the person to whom the Automatic Collection Call was intended to be directed.

The following persons, however, are excluded from the Settlement Class:

> The Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

4. The Court hereby appoints the Plaintiffs as "Class Representatives" pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these Class Representatives have and will fairly and adequately protect the interests of the Settlement Class.

5. The Court hereby also appoints Burke Law Offices, LLC; Terrell Marshall Daudt & Willie PLLC; Saeed & Little LLP; Hyde & Swigart; Kazerouni Law Group, APC; Law Office of Todd Friedman; Casey Gerry Schenk Francavilla Blatt & Penfield LLP; and Ankcorn Law Firm, PC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds

that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

6. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Agreement or such other acts which are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

7. In connection with this conditional certification, the Court makes the following preliminary findings:

a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b. The Alert Call Subclass and the Collection Call Subclass also appear to be so numerous that joinder of all members is impracticable;

c. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

d. The Class Representatives' claims appear to be typical of the claims being resolved through the Settlement;

e. The Class Representatives appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

f. For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

g. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

8. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 17 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for

the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**Notice and Administration**

9. The Court approves the proposed notice plan for giving direct notice to the Settlement Class by U.S. Mail and E-Mail, and for giving publication notice as set forth in the Settlement Agreement and Exhibits B, C and F thereto ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan in accordance with the terms of the Settlement Agreement by no later than **November 10, 2014**, which is ninety (90) days following entry of this Order.

10. Pursuant to the Settlement Agreement, Garden City Group ("GCG") is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

11. Pursuant to the Settlement Agreement, the Claims Administrator shall provide individual notice via either: (a) electronic mail, to the most recent e-mail address as reflected in Defendants' reasonably available computerized account records or (b) U.S. Mail, to the most recent mailing address as reflected in Defendants' reasonably available computerized account records no later than **November 10, 2014**, which is ninety (90) days following entry of this Order. The Claims Administrator shall further distribute a publication notice in substantially the form attached to the Settlement Agreement as Exhibit F, no later than ninety (90) days following entry of this Order, and shall establish the Settlement Website within five (5) days following entry of this Order.

**Exclusion/Opt Out Requests**

12.     All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name, address, and account number(s) of the person requesting exclusion (except that persons in the Settlement Class who do not have and have not had a credit card or deposit account with Chase shall not be required to include an account number); and (c) include the following statement: "I/we request to be excluded from the settlement in the Gehrich action." The request must be mailed to the Claims Administrator at the address provided in the notice and postmarked no later than **February 9, 2015**, which is ninety (90) days after the Notice Deadline. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and any person submitting such a request shall be deemed Settlement Class Member, and shall be bound as a Settlement Class Member by the Settlement.

13.     Persons in the Settlement Class who exclude themselves from the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, persons in the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

14.     In the event that the number of valid opt-out requests exceeds 400 or more persons, Chase, in its sole discretion, may terminate the Settlement. Chase shall inform Class Counsel within 30 days after it is advised in writing that the number of valid opt-out requests is higher than 400 as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

**Objections**

15.　Any Settlement Class Member may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court by **February 9, 2015**, which is ninety (90) days following the Notice Deadline. A Settlement Class Member who objects to the Settlement need not appear at the Final Approval Hearing for his or her comment to be considered by the Court; however, all papers, briefs, pleadings, or other documents that any objector would like the Court to consider ("Objections") must be filed with the Court no later than **February 9, 2015**, which is ninety (90) days following the Notice Deadline. All objections must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider. All Objections must be filed with the Court and mailed to each of the following, postmarked no later than the last day to file the objection: (a) Class Counsel via Terrell Marshall Daudt & Willie PLLC, 936 N. 34th Street, Suite 300, Seattle, Washington, 98103; and (b) Chase's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California, 90067. Any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

16.　Any Settlement Class Member who fails to timely file a written objection with the Court as prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

**Attorneys' Fees and Costs**

17.　At least thirty (30) days before the Exclusion/Objection Deadline, papers supporting Class Counsel's request for fees shall be filed with the Court and posted to the Settlement Website.

18.　If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and Service

Awards to Plaintiffs in accordance with the deadline and procedure set forth in the Class Notice, and the Settlement Class Member is not granted relief by the Court, such Settlement Class Member will be deemed to have waived his or her right to be heard at the Final Approval Hearing. Additionally, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all Parties a Notice of Intention to Appear with the Court.

**Final Approval Hearing**

19. The Final Approval Hearing will be held on **March 19, 2015 at 10:00 a.m.** before this Court in Courtroom 2125 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 to determine (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether the Settlement Class and subclasses should be finally certified for settlement purposes; and (d) whether to approve Class Counsel's application for attorneys' fees and expenses and Service Awards to Plaintiffs, and in what amount. The Court may adjourn the Final Approval Hearing without further notice to persons in the Settlement Class, but any changes will be posted to the Settlement Website.

20. Papers in support of final approval of the Settlement Agreement and in response to any objections shall be filed with the Court at least fourteen (14) days prior to the Final Approval Hearing.

**Further Matters**

21. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement and this Order are not, and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of

any claim or defense that has been, or could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (b) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

22. The Action (including any motions, discovery, or other pleadings) shall be stayed and held in abeyance pending further order of the Court.

23. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**Stay/Bar Of Other Proceedings**

24. Pending the final determination of whether the Settlement should be approved, the Plaintiffs and each Settlement Class Member is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties; provided, that this injunction shall not apply to individual claims of any person in the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. Such injunction shall remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein shall prevent

any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, and the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

25. In the event that any of the provisions of this Preliminary Approval Order is asserted by Chase as a defense in whole or in part to any Released Claim or otherwise asserted in any other suit, action or proceeding by a Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's flexibility and authority to effectuate the Settlement Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

**Continuing Jurisdiction**

26. If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Parties and the Settlement Class Members with respect to all matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to the Settlement Class Members.

**Schedule of Future Events**

27. Accordingly, the Court enters the following dates:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | August 12, 2014 |
| Notice Deadline | November 10, 2014 |
| Class Counsel's Fee Motion Submitted | January 9, 2015 |
| Exclusion/Objection Deadline | February 9, 2015 |
| Deadline to Submit Claims | February 9, 2015 |
| Final Approval Brief and Response to Objections Due | March 5, 2015 |
| Final Approval Hearing / Noting Date | March 19, 2015 at 10:00 a.m. |
| Final Approval Order Entered | At the Court's Discretion |

IT IS SO ORDERED.

Dated: ___8-12-2014_____          _____

Gary Feinerman
United States District Judge