Ken Murphy
1950 S. Fillmore St.
Denver, CO 80210
(303) 725-5685

P. 1 of 3

November 5, 2014

Gehrich v. Chase USA and JPMC Bank, Case No. 1:12-CV-5510
Clerk of the Court
U.S. District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**FILED**

**NOV 1 0 2014**

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

To the Court:

I object to the proposed Settlement in *Gehrich v. Chase USA and JPMC Bank*, Case No. 1:12-CV-5510 (N.D. Ill.).

I am a Chase cardholder, I am affected by the claims in the case, and I was sent a postcard as evidence that I am a Settlement Class Member:
Claim #: 02440682
Control #: 3519782122

I have four (4) objections that I would like added to the Court record and read in Court:

1. The aforementioned case has every appearance of being a frivolous lawsuit with the reasonable assumption that the primary goal is to provide millions to the plaintiff attorneys and very little to the alleged victims of the case.

   To point, from the Settlement Fund of $34-million, the alleged victims may receive possibly $20 if (keyword: IF) they submit a "timely and valid" claim properly (there is no mention of who determines or what is "valid"). Whereas, the plaintiff attorneys will receive $11-million. That great difference in reward does not show justice, it shows a frivolous lawsuit where the plaintiff attorneys make out like bandits.

   The settlement website (www.gehrichtcpasettlement.com/faq#accordion-toggle) states, "The Court did not decide in favor of Plaintiffs or Chase. Both sides agreed to a Settlement to avoid the expense and distraction of litigation." To avoid a trumped-up lawsuit that benefits no one but the plaintiff attorneys, the suit has forced the defendant (Chase) to take the least expensive resolution instead of playing the expensive legal game in Court. If this case was to truly benefit the Class, then plaintiff attorneys should just receive actual billable-hours fees and the majority of the Settlement Fund should go to the alleged Class victims; not the other way around. I plead with the Court to see the settlement for what it is and deny the plaintiff attorneys their exorbitant fee ($11-million)

   I recommend that the Court dismiss the case as an abuse of the legal system and a frivolous lawsuit based on the primary purpose to enrich plaintiff attorneys. The settlement is not fair to the alleged victims and does not provide justice.

2. The settlement fund includes "A payment of $1,000,000 to the Consumer Federation of America on behalf of persons in the Settlement Class who received Automatic Alerts relating to their own Chase bank or credit card accounts." I object that the Consumer Federation of America (CFA) receive any funds from the settlement.

   As a member of the Settlement Class, I do not believe that CFA should receive any funds unless every non-profit consumer advocacy organization in the USA also receives funds from the allocated $34-million in the settlement fund. Picking and choosing only one advocacy organization is not fair and is bias.

3. Any settlement funds that remain unpaid 365 days following the Settlement's Effective Date (as defined in the Settlement) will be donated to the Electronic Frontier Foundation (EFF). I object to any funds going to EFF for the same reasons as stated above in item-2, AND because upon review of EFF's latest Annual Report, it appears that their organization frivolously spends income on themselves and is not a good investment to the Class:
   - Salary/Benefits = $4-million (vague, not detailed with names or positions)
   - Staff & Board enrichment = $44k (vague, not specified)
   - Travel = $85k (vague, not specified....First Class on the Class' dime?)
   - Administrative Fees = $130k (does not include rent, just a vague line-item)

   Another red-flag per EFF's Annual Report regarding the EFF organization is that for a whole year it only spent $2,508 in fundraising. That amazing LOW amount for a non-profit, in comparison to its staff financial enrichment, is a sign that the Court should make the plaintiff's prove (from their $11-million) that EFF is a worthy recipient for Settlement Funds that will likely be in the millions.

4. I also object that the settlement claim website (https://secure.gcginc.com/jmt/login.aspx) only allows you to enter one (1) phone number that I may have been called by Chase for the purpose of the suit. I have had three (3) different applicable phone numbers since the claim start date (2008). Using one phone number to possibly validate my eligibility is insufficient and further proof that the plaintiffs have no real interest in providing relief to the alleged victims; otherwise, any sincere plaintiff would have had more than ONE option to enter a phone number associated with a Chase account.

   The failure to provide ample fields to enter other possibly called phone numbers owned by the victim creates the inability for a claim to be properly validated with any guarantee. The omission in form design could be interpreted to be intentionally deceptive by the plaintiff in order to disenfranchise otherwise valid claimants so that EFF may receive more "unclaimed" settlement funds.

   I suggest that the Court make the plaintiff re-issue proper notifications to Class members, with additional phone number fields in the form, with re-notification costs pulled from the plaintiff attorneys' $11-million award (no additional funds allotted to settlement fund for their negligence).

In summary of my objections, a true meaning of justice is that the victims of the alleged crime receive reparations. In this case, the alleged victims receive almost nothing ($20) while the plaintiff attorneys and two specifically chosen organizations receive millions; THAT is not justice and is an insult to the victims and the judicial system.

With virtually no reparation to the alleged victims, I respectfully request that the Court dismiss the case entirely since it lacks merit (justice).

Sincerely,

*Ken Murphy*

Copies have been mailed to:

Class Counsel:
Beth Terrell, Esq.
Terrell Marshall Daudt & Willie PLLC
936 N. 34th Street, Suite 300
Seattle, WA 98103

Chase's Counsel:
Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067