UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE, and CARRIE COUSER, individually and on behalf of all others similarly situated, Plaintiffs, v. CHASE USA, N.A., and JPMORGAN CHASE BANK, N.A., Defendants. | No. 1:12-CV-5510 (N.D. Ill.) Hon. Gary Feinerman |

**OBJECTION TO MOTION FOR ATTORNEYS' FEES
AND NOTICE OF INTENTION TO APPEAR
OF CLASS MEMBER DAVID SCHLAGEL**

Class member David Schlagel, 755 E. Mulberry Ave., Ste #600, San Antonio, Texas 78212, cell phone # 210-861-9292, hereby objects to the proposed settlement and request for Attorneys' Fees. A copy of Mr. Schlagel's claim filing confirmation email is attached hereto as *Exhibit A*. Mr. Schlagel intends to appear and be heard at the fairness hearing scheduled for March19, 2015 through his undersigned counsel.

    **I.    The Proposed Settlement Violates Recent Seventh Circuit Precedent.**

On November 10, 2014, this Court asked the Plaintiffs to address whether the proposed settlement and attorneys' fee request is consistent with *Eubank*, *Redman* and *Pearson*, three recent decisions by the Seventh Circuit rejecting class action settlements based, among other factors, on the disproportionate allocation of those settlements between class counsel and the class. While the Plaintiffs addressed these cases in their Memorandum filed on December 3, 2014, and generally accurately summarized each of

those cases, it glossed over the problems those cases pose to this settlement that was negotiated prior to the issuance of *Redman* and *Pearson*.

Significantly, the Seventh Circuit held in *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), that administrative costs are not properly included in the value of the settlement to the class, and are therefore not properly considered when calculating attorneys' fees. While the Plaintiffs acknowledge this, they fail to apply its holding to this case. Class Counsel stated in the Notice that "Class Counsel will ask the Court to approve an attorneys' fee and cost award of up to 33% of the $34 million Settlement Fund – after deducting the $1,000,000 dedicated cy pres payment – for a total award of $11,000,000." Notice at p. 8.

While Class Counsel now concede that the value of the Settlement to the Class is $30 million rather than $33 million, they continue to seek $11 million in fees, which would amount to 37% of the value of the Settlement. Class Counsel request $11 million, or 37% of the settlement, despite the fact that the Notice stated that they would seek no more than 33%. This is impermissible. Class Counsel may not request more in fees than they informed the class members they would ask for. In any event, Class Counsel are not entitled to even 33% of $30 million, as will be argued in the following section, and instead should receive no more than a reasonable *ex ante* fee for this cut and paste litigation.

2

**II.     33% Is An Excessive Percentage Fee In This Uncomplicated Litigation; Class Counsel Should Receive No More Than 10% of the $30 Million Fund, or $3 Million.**

As demonstrated by the attached Expert Report of Todd Henderson, recently filed in a similar TCPA class action settlement, a reasonable market rate *ex ante* fee in this case would be 10%, not 33%. As Professor Henderson explains, a reasonable client would negotiate an ex ante percentage fee designed to provide Class Counsel with a modest lodestar multiplier, but not an excessive windfall. In a case expected to produce a $75 million settlement, the percentage figure recommended by Professor Henderson was 4.6%. Here, in a case that produced roughly one-half of the Capital One settlement, the figure would be closer to 10%.[1]

Astoundingly, Class Counsel state in their Corrected Fee Motion that they negotiated with *Chase* about the size of their fee, despite the fact that Chase is not paying it!! The fee is being deducted from the class' settlement. Therefore, the size of that fee must be negotiated with the class, not with the defendant! It is preposterous that Class Counsel even suggest that Chase's acquiescence to their fee request is a good reason to approve it. Of course, Chase is indifferent to the allocation of a settlement between Class Counsel and the class, as the Seventh Circuit observed in *Pearson, supra*.

The Lead Plaintiffs should be found inadequate for agreeing to pay fees of 40% and 50%, respectively, in a class action expected to generate a $30 to $100 million recovery. This demonstrates complete ignorance of their fiduciary duty to the class, the fact that this is a class action rather than an individual one, and the market rates in class

---

[1] This assumes that the amount of work necessary to obtain a $30 million settlement is not appreciably different from the amount necessary to achieve a $75 million one, since the settlement number is typically a function of class size. Therefore, assuming that Class Counsel's lodestar in this case is approximately $2 million, a 10% fee will provide Class Counsel with 150% of its lodestar.

3

action litigation as demonstrated by fees awarded in cases of this size. While the Seventh Circuit did state in passing in *Pearson* that attorneys' fees should not exceed "a third or at most a half" of the total settlement value, the Court cited no cases for this proposition, and indeed there is no modern case in which a court has awarded class counsel as much as 35%, let alone 50%, of a settlement's value.

Moreover, Stemple and Couser agreed to pay no more than one-third of any recovery to their counsel. Therefore, the 37% request made here violates their fee agreements! Class Counsel have not explained how they intend to deal with this breach of contract in asking for a fee of 37%.

Class Counsel cite to the case of *Gaskill v. Gordon*, 160 F.3d 361 (7th Cir. 1998), for the proposition that contingent fees of one-third or higher are the "norm" in this Circuit for all levels of recovery. However, a reading of *Gaskill* undermines that proposition, and makes it clear that this Court's statement about "typical" contingent fees referred to individual litigation only:

> The typical contingent fee is between 33 and 40 percent; but in recognition of the fixed-cost component in litigation, it is usually smaller when ... a multimillion dollar judgment is obtained... Some courts have suggested 25 percent as a benchmark figure for a contingent-fee award in a class action... So at first glance the district judge's award of 38 percent of $20 million was generous.

*Id*. at 362-363. Therefore, not only was this Court's approval of a 38% fee in *Gaskill* limited to funds of $20 million or less, the actual holding of this Court seriously undermines any assertion that 38% is the market rate for class actions that settle for less than $20 million.

*Gaskill* also involved an appeal by class counsel, seeking an even higher fee, that was unopposed by any class member. Had a class member appealed the fee award

4

seeking to lower it, the Court's opinion suggests that the Seventh Circuit would have reversed the fee as too generous.

It is clear from Class Counsel's Fee Motion that the Lund and Goldstein actions contributed nothing to this litigation or the settlement. They were follow-on, copycat class action filings that folded within 4 and 5 months from the date of filing, after which counsel in those actions participated only in settlement discussions, not litigation. None of the California firms should receive compensation for the time spent getting their copycat actions on file, nor should their lodestars be counted in calculating the lodestar crosscheck.

Class Counsel has failed to disclose their lodestar in order for this Court to perform a lodestar cross-check. This failure should result in an adverse inference that their lodestar is a small fraction of the fee they have requested. Under no circumstances could Class Counsel's lodestar in this case exceed the lodestar in the Capital One case that was addressed by Professor Henderson in his attached declaration, especially when the lodestar run up by superfluous California counsel is excluded.

## CONCLUSION

For the foregoing reasons, this Court should award a fee to Class Counsel of no more than 10% of the net Settlement Fund, which is the market rate, and which fully covers the lodestar of the firms that filed this Illinois action.

Respectfully submitted,
David Schlagel,
By his attorney,


*/s/ John J Pentz*
John J. Pentz
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
jjpentz3@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed via the ECF filing system of the USDC for the ND IL on February 8, 2015, and that as a result electronic notice of the filing was served upon all attorneys of record.

>*/s/ John J. Pentz*
>John J. Pentz