UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,,<br><br>v.<br><br>CHASE BANK USA, N.A., and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants | NO. 1:12-CV-5510<br><br>Honorable Gary Feinerman |

## OBJECTION OF KRISTINA LOPEZ

## INTRODUCTION

Before the Court is a proposed common fund settlement in a Telephone Consumer Protection Act ("TCPA") case against Chase with a $34 million fund that covers costs of settlement administration, service awards, attorneys' fees and expenses, payments to the class following a claims procedure and a $1 million payment to the Consumer Federation of America. The settlement provides that any leftover funds that exist 365 days after the Effective Date of the settlement will be donated to the Electronic Frontier Foundation. The proposed settlement is not fair, adequate and reasonable; it creates intra-class conflicts and implicates adequacy problems; and the proposed award of attorneys' fees is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

Kristina Lopez
5701 Sandshell Drive, Apt. #1103
Fort Worth, TX 76137
(817) 683-4272

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. *See* Declaration of Kristina Lopez, Exhibit 1 hereto, incorporated by reference as though set forth in full. Objector is represented by Roach, Johnston & Thut and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm. The statement of the objections and the grounds therefor are set forth below. Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that this objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and

2

quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23.

## OBJECTIONS

This proposed TCPA class settlement is one of several proposed for approval. Other cases in the United States District Court for the Northern District of Illinois involving TCPA settlements are as follows: *Wilkins v. HSBC, et al.*, Case No. 14-CV-190; and *In re Capital One Telephone Consumer Protection Act Litigation*, MDL 2416. Though this settlement is not identical, the proposed settlement in this case suffers from many of the same defects as the proposed settlements in the HSBC and Capital One cases. Copies of the objections filed by Mr. Bandas' clients in those two cases are attached hereto and incorporated herein by reference as Exhibits 2 and 3.

**The Proposed Settlement Is Not Fair Adequate And Reasonable.**

Under the TCPA, prevailing class members would be entitled to a civil penalty of $500 per violation, more if proof of willfulness can be shown. The class notice estimates that eligible class members will receive between $20 and $40 per claim. This is inadequate compensation for each class member given the value of the claims being given up. *See* Exhibit 3 at 5-6. This estimate is also misleading because under the proposed settlement some eligible class members will receive 4 times the amount of other eligible class members. Moreover, although the proposed settlement contains a formula that compensates class members differently, it fails to compensate class members based on how many separate TCPA violations occurred with respect to each eligible class member. *See* class settlement notice at paragraph 7 (How much will my cash payment be?). For example, a Chase bank account-only class member who received 100 collection phone calls receives the same amount of money as a Chase bank account-only class member who received only one collection phone call. Under the TCPA, compensation is calculated on a "per violation" basis not on a "per person" basis. For these reasons, the proposed settlement is not fair, adequate and reasonable and

the proponents of this settlement have failed to discharge their burden of proof on the issue of fairness.

**Intra-Class Conflicts And Adequacy of Representation.**

Intra-class conflicts exist between multiple groups that are being compensated differently and are competing for the same finite pool of money under this settlement. For example, the class notice provides that "Chase credit card holders get triple credit for Collection Calls or Wrong Party Automatic Alerts because, unlike Chase bank account customers, their claims are not subject to certain unique legal defenses." Compensation under the settlement is explained in more detail in paragraph 7 of the class notice and in paragraph G of the settlement agreement, which documents are incorporated herein by reference. These various groups of class members are compensated differently based upon different Award Units given to them under the settlement. Some eligible groups are given four times as many Award Units as other eligible groups under the proposed settlement. Objection is made to adequacy under Rule 23(a)(4). Objection is made to the proposed settlement in that it creates fundamental intra-class conflicts of interest in the absence of separate legal representation of all the various competing groups that are compensated differently. Objection is further made to the adequacy of representation of class counsel and the class representatives based upon the intra-class conflicts of interest between the different settlement groups created by this settlement. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999); *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997); *see also Dewey v. Volkswagen AG*, 681 F.3d 170, 184 (3d Cir. 2012) ("A conflict concerning the allocation of remedies amongst class members with competing interests can be fundamental and can thus render a representative plaintiff inadequate"); *In re Literary Works*, 654 F.3d 242, 249-57 (2d Cir. 2011).

**Class Counsel's Fee Request Is Excessive.**

Class counsel's fee request for $11 million in this case is excessive. In addition, the request is inconsistent with the class notice. The class notice provides that class counsel will seek a 33% attorneys' fee. In fact, as class counsel now acknowledges, they seek a 37% fee after deducting administrative expenses as they must under applicable Seventh Circuit law. *See Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). Regardless, even a 33% fee, after deducting for the administrative expenses and the *cy pres* award, is excessive. *See* Exhibit 3 at 6-9. Moreover, given the inadequacy of class counsel (*see supra*) class counsel should not be entitled to any fee in this case.

In the interest of brevity, Objector incorporates by reference all other objections, if any, filed in opposition to this settlement that are not inconsistent with this objection including but not limited to the objection to attorneys' fees by David Schlagel. Objector also incorporates by reference any papers filed by the Center for Class Action Fairness in opposition to the proposed settlement and the proposed award of attorneys' fees.

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: February 9, 2015                    Respectfully submitted,

*/s/ C. Jeffrey Thut*
C. Jeffrey Thut
516 N. Milwaukee Ave.
Libertyville, Illinois 60048
Telephone:   (847) 549-0600
Facsimile:    (847) 549-0312
Email: jeff@roachjohnstonthut.com

Attorneys for Objector/Class Member

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: February 09, 2015

Gehrich TCPA Settlement
c/o GCG
P.O. Box 35112
Seattle, WA 98124-5112

Class Counsel, Beth Terrell, Esq., Terrell Marshall Daudt & Willie PLLC
936 N. 34th Street, Suite 300
Seattle, WA 98103

Chase's Counsel, Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

/s/ C. Jeffrey Thut<br>
C. Jeffrey Thut