UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

CHASE BANK USA, N.A. and JPMORGAN CHASE BANK, N.A.,

    Defendants.

Case No.: 1:12-CV-5510



**OBJECTION TO CLASS ACTION SETTLEMENT
AND NOTICE OF INTENTION TO APPEAR**

NOW COMES Class member David D. Dishman of 48 Bradlee Avenue, Swampscott, Massachusetts, 01907 (telephone numbers 617-767-5252 and 617-257-4338) and objects to the proposed settlement of this class action. Mr. Dishman received, at various times, calls to collect on his Chase credit card account ("Collection Calls") and received individual notice of this proposed settlement. Objector intends to appear at the fairness hearing scheduled for March 19, 2015.

Objector Dishman submits this Objection based on the following:

1. The Settlement is not fair, reasonable, or adequate.

2. In exchange for the settlement consideration which is touted as a fund of $34 million, Objector and all Settlement Class members will unfairly and unreasonably be releasing all claims they have and also waiving all defenses they may otherwise asserted against the

Defendants and affiliated entities. However, after administration and attorneys' fees are deducted (and a $1 million *cy pres* donation is made), the actual "fund" is reduced below $19 million. The Notice estimates that each claimant will receive $20-$40 per claim. However, each claimant would have been entitled to a minimum of $500 per call in statutory damages alone and thus, the settlement fund is wholly inadequate. In fact, if the calls were found to have been made "willfully" those statutory damages increase to $1,500 per call.

3. The Notice Program is deficient and violates Settlement Class members' rights to due process. The Notice itself does not fairly advise proposed Settlement Class members of all material terms of the Settlement. For example, as noted above, it is estimated that each claimant will only receive $20-$40 per claim. It is not clear whether that is per award unit as Objector Dishman believes he is entitled to 3 award units under the terms of the settlement. In either event, the consideration to be received by Objector is inadequate and unfair. In addition, Objector is mailing this Objection to the Court and counsel for plaintiffs and defendants, postmarked February 9, 2015, as directed in the short notice emailed to Objector.

4. The requested attorneys' fees of $11 million are excessive and not fair or reasonable. After deducting administrative costs associated with the settlement (estimated at nearly $3 million) and a $1 million *cy pres* distribution, the proposed fees represent nearly 37% of the settlement fund and thus, are unfair and unreasonable. Class counsel does not in their settlement brief provide for the number of hours worked on the matter, only that they worked "numerous" hours.

5. Objector was a holder of two (2) Chase credit card during the Class period between July 1, 2008 and December 31, 2013 and received calls from Chase regarding late payments on such cards as described in the Notice.

Respectfully submitted.

*/s/ David D. Dishman*
David D. Dishman
224 Lewis Wharf
Boston, MA 02110
617-523-5252
dave.dishman@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was sent certified mail on the 9th day of February, 2015 to the following:

Gehrich v. Chase USA and JPMC Bank
Case No. 1:12-CV-5510
Clerk of the Court
U.S. District Court for the
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Beth Terrell, Esq.
Terrell Marshall Daudt & Willie PLLC
936 N. 34th St., Suite 300
Seattle, WA 98103

Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067

/s/David D. Dishman