UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. 1:12-CV-5510<br><br>Honorable Gary Feinerman |

## DECLARATION OF ALAN G. GEFFIN IN SUPPORT OF OBJECTOR, TAMIQUECA J. JOHNSON D'OYLEY'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COST

I, Alan G. Geffin, declare as follows:

### I. PROFESSIONAL BACKGROUND AND EXPERIENCE

1. I have direct, personal knowledge of the facts set forth in this Declaration. This Declaration is being submitted in support of Objector, Tamiqueca J. Johnson D'oyley's ("Objector D'oyley") Motion for an Award of Attorney's Fees and Costs.

2. I received a B.A. in political science and a J.D. from the University of Miami. I was admitted to the Florida Bar on November 28, 1988. I am a member in good standing with the Florida Bar, the United States District Court for the Southern District of Florida, the United States District Court for the Middle District of Florida, and the United States Court of Appeals for the Eleventh Circuit.

3. My professional association, Alan G. Geffin, P.A. is a founding partner of the law firm of Geffin Perez-Gurri, LLP d/b/a GPG Law. GPG Law and Samson Appellate Law are counsel of record for Objector D'oyley. I am the lead attorney from GPG Law in the instant action.

4. GPG Law is based in Fort Lauderdale, Florida. Through GPG Law, I provide legal services in the following areas: Civil Litigation, Complex Litigation, Business Litigation, Probate Litigation, Family Litigation, Arbitration, Business Transactions and Contract Drafting. Additionally, the firm serves as general counsel to several South Florida companies.

## II.   QUALIFICATIONS OF OTHER GPG LAW ATTORNEY

5. Christopher Perez-Gurri, Esq. also expended substantial time on this matter. Mr. Perez-Gurri received a B.A. in political science from the University of Michigan. He, thereafter, received a J.D. from the University of Miami School of Law. Mr. Perez-Gurri was admitted to the Florida Bar on October 30, 2006. He is a member in good standing with the Florida Bar and the United States District Court for the Southern District of Florida.

6. Mr. Perez-Gurri's professional association, Christopher J. Perez-Gurri, P.A., is a founding partner of GPG Law. Through GPG Law, Mr. Perez-Gurri provides legal services in the following areas: Civil Litigation, Complex Litigation, Business Litigation, Probate Litigation, Family Litigation, Arbitration, Business Transactions and Contract Drafting. Additionally, the firm serves as general counsel to several South Florida companies.

## III.   GPG LAW'S BILLING PRACTICES

7. The attorneys and staff at GPG Law keep contemporaneous time records. The time records are typically maintained on a daily basis and describe the legal services provided during the relevant time period.

8. I was primarily responsible for reviewing GPG Law's time records in this matter. A true and correct copy of GPG Law's time records are attached hereto and incorporated herein as "Exhibit A." However, Objector D'oyley's Motion for an Award of Attorney's Fees and Costs is not premised upon a lodestar calculation.

## IV. LEGAL SERVICES PROVIDED BY GPG LAW IN THE PRESENT ACTION

9. In or about January, 2015, Objector Doyle approached GPG Law with her claim form in the present matter. Thereafter, GPG Law performed initial research into the proposed class action settlement. Ultimately, Objector D'oyley retained GPG Law and Samson Appellate Law to interpose an objection to the class action settlement. A true and correct copy of the retainer agreement is attached hereto and incorporated herein as "Exhibit B."

10. On February 9, 2015, GPG Law and Samson Appellate Law on behalf of Objector Doyle, a member of the Collection Call Subclass, filed her objection to the class action settlement. In relevant part, Objector D'oyley argued that the Dedicated *Cy Pres* Distribution violated established law. Objector D'oyley maintained that the Dedicated *Cy Pres* Distribution, which was diverted from the common settlement fund for the benefit of the Alert Call Subclass, was contrary to law because the known class members, i.e. the Collection Call Subclass, would not be made whole [DE 150].

11. On October 8, 2015, Defendants filed their response to Objector Doyley's objection [DE 197]. On that same day, Plaintiffs filed their response to the objection [DE 202]. GPG Law reviewed and analyzed such response in preparation for presenting the Objection

12. On October 22, 2015, this Court convened a hearing in the referenced matter. A true and correct copy of the hearing transcript is attached to the subject motion and is incorporated herein.

13. At the hearing, Objector D'oyley, through her counsel, was the only objector to appear at the hearing. At the hearing, Objector D'oyley's counsel articulated the objection to, among other things, the Dedicated *Cy Pres* Distribution.

14. Objector D'oyley prevailed at the hearing. The Court agreed that the Dedicated *Cy Pres* Distribution was too high to settle the non-viable claims of the Alert Call Subclass and asked undersigned counsel's opinion about the Court's authority to reallocate the subject distribution. Undersigned counsel, before directly addressing the reallocation issue, began to argue the excessive amount of the Dedicated *Cy Pres* Distribution. Preemptively, this Court acknowledged that Objector D'oyley had already prevailed:

> THE COURT: Okay. You've already -- I wouldn't -- if I were you, I wouldn't focus on things that **you've already won** because the only thing that can happen is things could get worse for you. I would focus on the question of the reallocation.

15. Thereafter, on November 5, 2015, Defendants filed a statement in support of the Dedicated *Cy Pres* Distribution [DE 218]. Objector D'oyley responded thereto on November 15, 2015 [DE 222].

16. On December 15, 2015, this Court convened a status hearing in the referenced matter. At that status hearing, this Court confirmed that it was going to reallocate a portion of the Dedicated *Cy Pres* Distribution for the benefit of the Collection Call Subclass. Specifically, this Court ordered that the Dedicated *Cy Pres* Distribution be reduced from $1,000,000.00 to $100,000.00. This Court further ordered the $900,000.00 difference be reallocated to benefit the Collection Call Subclass.

## V. DIVISION OF LABOR BETWEEN GPG LAW AND SAMSON APPELLATE LAW

17. GPG Law and Samson Appellate Law worked closely together to ensure efficient case management and prevent the duplication of efforts. Only where the involvement of both firms was necessary, did such involvement occur.

## VI. CONTINGENT NATURE OF ACTION AND RISK

18. In relevant part, the retainer agreement provides:

> If recovery is made by court order either by the District Court's sustaining of the Client's objection, or after a successful appeal, it is understood by the Client that any recovery for herself and any attorney's fee award will be determined by court order.

19. Objector D'oyley's counsel assumed a significant financial risk by agreeing to the subject representation because, typically, class action objections are not sustained. Objector D'oyley's counsel assumed such risk with no guarantee of recovery whatsoever. Although Objector D'oyley's counsel was confident in their legal argument, there was no assurance that they would prevail.

20. The quality of Objector D'oyley's counsel's performance supports the fee request. Despite the odds of success, Objector D'oyley's counsel was able to obtain an extraordinary result for the Collection Call Subclass. As a result of Objector D'oyley's counsel's efforts, such subclass has been enriched by $900,000.00. Such enrichment should ensure that every eligible class member who fills out a simple claim form will receive **more than** the $140-$150 range that was estimated in Class Counsel's Motion for Attorney's Fees.

21. Objector D'oyley's counsel has invested a significant number of hours to investigate, research, and successfully argue the objection. The amount of work invested supports awarding the requested fee.

22.  The stakes of the case justify the fee requested. As explained above, prevailing on an objection to a class action settlement is rare. But for Obejctor Doyley's counsel's willingness to take on this matter, the Dedicated *Cy Pres* Distribution would not have been reallocated for the benefit of the Collection Call Subclass. This is particularly the case where none of the other objectors even appeared before this Court to argue the issue.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct.

EXECUTED at Fort Lauderdale, Florida, this 27 day of January, 2015.

_____
ALAN G. GEFFIN
*Admitted Pro Hac Vice*