UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. 1:12-CV-5510<br><br>Honorable Gary Feinerman |

### DECLARATION OF DANIEL M. SAMSON IN SUPPORT OF OBJECTOR, TAMIQUECA J. JOHNSON D'OYLEY'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COST

I, Daniel M. Samson, declare as follows:

#### I.  PROFESSIONAL BACKGROUND AND EXPERIENCE

1. I have direct, personal knowledge of the facts set forth in this Declaration. This Declaration is being submitted in support of Objector, Tamiqueca J. Johnson D'oyley's ("Objector D'oyley") Motion for an Award of Attorney's Fees and Costs.

2. I received a B.A. in history, with a high honors distinction, from the University of Michigan – Ann Arbor, and a J.D. from the University of Virginia - Charlottesville. I was admitted to the Florida Bar in October 2004. I am a member in good standing with the United States Supreme Court, the United States Court of Appeal For the Third Circuit, the United States Court of Appeal For the Eleventh Circuit, the United States District Court for the Southern

District of Florida, the United States District Court for the Middle District of Florida, the United States District Court for the Western District of Pennsylvania, and the Supreme Court of Florida.

3.  From September 2004 through July 2006, and from March 2007 through December 2010, I was an associate in the appellate department of Greenberg Traurig, P.A. in Miami, Florida. During that time, I worked on nearly 200 appeals in state and federal appellate courts, including numerous appeals from orders granting or denying class certification.

From August 2006 through February 2007, I was a law clerk for the Honorable Barbara Lagoa on Florida's Third District Court of Appeal. In January 2011, my professional association, Daniel M. Samson, became a partner in the law firm of Kula & Samson, LLP, and since July 2014, I have been practicing as a sole practitioner in the firm of Samson Appellate Law.

4.  Since January 2011, I have had primary responsibility on one class certification appeal: *DWFII Corp. v. State Farm Mut. Auto. Ins. Co. et. al.*, Case No. 11-10162 (11th Cir.); one appeal from the denial of a motion to compel arbitration in the class action context: *Allscripts Healthcare Solutions, Inc. v. Pain Clinic of NW Fla., Inc., et. al.*, Case No. 3D13-716 (Fla. 3d DCA); and I am co-counsel of record in a pending class action lawsuit: *Miadeco Corp. et. al. v. UBER Tech., Inc. & Lyft, Inc.*, Case No. 15-20356 (S.D. Fla.).

I have also acted as lead counsel in other objections to class action settlements. The objection in *In re: Checking Account Overdraft Litig.*, Case No. 09-02036 (S.D. Fla.), presented similar issues as Ms. D'oyley's objection, namely the appropriate use of *cy pres*, and the objection in *Jackson v. Wells Fargo Bank, N.A.*, Case No. 12-1262 (W.D. Pa.), presented a parallel legal issue, namely the appropriateness of a reverter.

5. Samson Appellate Law and GPG Law are counsel of record for Objector D'oyley. I am the lead, and only, attorney from Samson Appellate Law in the instant action.

6. Samson Appellate Law is based in Miami, Florida. Through Samson Appellate Law, I provide legal services in the following areas: Appellate Litigation and litigation support in all manner of legal claims.

## II. SAMSON APPELLATE LAW'S BILLING PRACTICES

7. I keep contemporaneous time records. The time records are typically maintained on a daily basis and describe the legal services provided during the relevant time period.

8. I was primarily responsible for reviewing Samson Appellate Law's time records in this matter. A true and correct copy of Samson Appellate Law's time records are attached hereto and incorporated herein as "Exhibit A." However, Objector D'oyley's Motion for an Award of Attorney's Fees and Costs is not premised upon a lodestar calculation.

## III. LEGAL SERVICES PROVIDED BY SAMSON APPELLATE LAW IN THE PRESENT ACTION

9. In or about January, 2015, Objector D'oyley approached GPG Law with her claim form in the present matter. Thereafter, GPG Law performed initial research into the proposed class action settlement. Ultimately, Objector D'oyley retained GPG Law and Samson Appellate Law to interpose an objection to the class action settlement. A true and correct copy of the retainer agreement is attached hereto and incorporated herein as "Exhibit B."

10. On February 9, 2015, GPG Law and Samson Appellate Law on behalf of Objector Doyle, a member of the Collection Call Subclass, filed her objection to the class action settlement. I had primary responsibility for researching and drafting the objection. In relevant part, Objector D'oyley argued that the Dedicated *Cy Pres* Distribution violated established law. Objector

D'oyley maintained that the Dedicated *Cy Pres* Distribution, which was diverted from the common settlement fund for the benefit of the Alert Call Subclass, was contrary to law because the known class members, i.e. the Collection Call Subclass, would not be made whole [DE 150].

11. On October 8, 2015, Defendants filed their response to Objector Doyley's objection [DE 197]. On that same day, Plaintiffs filed their response to the objection [DE 202]. I reviewed and analyzed such response in preparation for presenting the Objection

12. On October 22, 2015, this Court convened a hearing in the referenced matter. A true and correct copy of the hearing transcript is attached to the subject motion and is incorporated herein.

13. At the hearing, Objector D'oyley, through her counsel, was the only objector to appear at the hearing. At the hearing, Objector D'oyley's counsel articulated the objection to, among other things, the Dedicated *Cy Pres* Distribution.

14. Objector D'oyley prevailed at the hearing. The Court agreed that the Dedicated *Cy Pres* Distribution was too high to settle the non-viable claims of the Alert Call Subclass and asked undersigned counsel's opinion about the Court's authority to reallocate the subject distribution. Undersigned counsel, before directly addressing the reallocation issue, began to argue the excessive amount of the Dedicated *Cy Pres* Distribution. Preemptively, this Court acknowledged that Objector D'oyley had already prevailed:

> THE COURT: Okay. You've already -- I wouldn't -- if I were you, I wouldn't focus on things that **you've already won** because the only thing that can happen is things could get worse for you. I would focus on the question of the reallocation.

15. Thereafter, on November 5, 2015, Defendants filed a statement in support of the Dedicated *Cy Pres* Distribution [DE 218]. Objector D'oyley responded thereto on November 15, 2015 [DE 222].

16. On December 15, 2015, this Court convened a status hearing in the referenced matter. At that status hearing, this Court confirmed that it was going to reallocate a portion of the Dedicated *Cy Pres* Distribution for the benefit of the Collection Call Subclass. Specifically, this Court ordered that the Dedicated *Cy Pres* Distribution be reduced from $1,000,000.00 to $100,000.00. This Court further ordered the $900,000.00 difference be reallocated to benefit the Collection Call Subclass.

### IV. DIVISION OF LABOR BETWEEN GPG LAW AND SAMSON APPELLATE LAW

17. GPG Law and Samson Appellate Law worked closely together to ensure efficient case management and prevent the duplication of efforts. Only where the involvement of both firms was necessary, did such involvement occur.

### V. CONTINGENT NATURE OF ACTION AND RISK

18. In relevant part, the retainer agreement provides:

> If recovery is made by court order either by the District Court's sustaining of the Client's objection, or after a successful appeal, it is understood by the Client that any recovery for herself and any attorney's fee award will be determined by court order.

19. Objector D'oyley's counsel assumed a significant financial risk by agreeing to the subject representation because, typically, class action objections are not sustained. Objector D'oyley's counsel assumed such risk with no guarantee of recovery whatsoever. Although Objector D'oyley's counsel was confident in their legal argument, there was no assurance that they would prevail.

20. The quality of Objector D'oyley's counsel's performance supports the fee request. Despite the odds of success, Objector D'oyley's counsel was able to obtain an extraordinary result for the Collection Call Subclass. As a result of Objector D'oyley's counsel's efforts, such

subclass has been enriched by $900,000.00. Such enrichment should ensure that every eligible class member who fills out a simple claim form will receive **more than** the $140-$150 range that was estimated in Class Counsel's Motion for Attorney's Fees.

21. Objector D'oyley's counsel has invested a significant number of hours to investigate, research, and successfully argue the objection. The amount of work invested supports awarding the requested fee.

22. The stakes of the case justify the fee requested. As explained above, prevailing on an objection to a class action settlement is rare. But for Obejctor Doyley's counsel's willingness to take on this matter, the Dedicated *Cy Pres* Distribution would not have been reallocated for the benefit of the Collection Call Subclass. This is particularly the case where none of the other objectors even appeared before this Court to argue the issue.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct.

EXECUTED at Miami, Florida, this 27th day of January, 2015.

_____
Daniel M. Samson
*Admitted Pro Hac Vice*

STATE OF FLORIDA            )
                            ) SS:
COUNTY OF MIAMI-DADE        )

The foregoing affidavit was acknowledged, sworn to and subscribed before me this 27 day of January, 2016, by Daniel M. Samson, who personally appeared before me, is personally known by me and did take an oath.

Notary: _____

[NOTARIAL SEAL]

Print Name: C. Gaetan

Notary Public, State of Florida

My commission expires: 5/1/19



C. GAETAN
Commission # FF 222600
Expires May 1, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

# **EXHIBIT A**

# Samson Appellate Law
201 Biscayne Blvd Suite 2700
Miami, FL 33131
Phone: (305) 726-1131

# INVOICE

**Date:** 12/16/2015
**Invoice #:** 10
**Matter:** Chase Objection
**File #:**

**Bill To:**
Tamiqueca J Johnson Doyley

**Due Date:** 01/15/2016

**Payment received after 12/16/2015 are not reflected in this statement.**

## Professional Services

| Date | | Details | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/29/2015 | DMS | A104 Review/analyze draft retainer agreement; review and analyze settlement agreement; correspondence with CPG re class member identification and materials needed from client | 5.40 | 400.00 | 2160.00 |
| 01/30/2015 | DMS | A104 Review/analyze review district court docket; review and analysis of pertinent docket entries including complaint; class certification motion, amended complaint, and second amended complaint | 6.80 | 400.00 | 2720.00 |
| 02/02/2015 | DMS | A104 Review/analyze continue review of district court pleadings, including motion for preliminary approval of settlement, the settlement agreement, declarations in support of settlement, preliminary approval order; order on whether prelinmary approval was consistent with seventh circuit law and parties responses to same, class counsel fee motion; begin working on objection; draft fact sections | 7.50 | 400.00 | 3000.00 |
| 02/03/2015 | DMS | A103 Draft/revise research regarding dedicated cy pres awards; begin drafting argument sections of objection | 6.70 | 400.00 | 2680.00 |
| 02/04/2015 | DMS | A103 Draft/revise continue drafting objection | 7.70 | 400.00 | 3080.00 |
| 02/05/2015 | DMS | A103 Draft/revise revise and edit objection | 5.00 | 400.00 | 2000.00 |

# Samson Appellate Law
201 Biscayne Blvd Suite 2700
Miami, FL 33131
Phone: (305) 726-1131

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/06/2015 | DMS | A103 Draft/revise — revise and edit objection and send to CPG; review and edit Doyley affidavit; work on pro hac vice motion | 4.80 | 400.00 | 1920.00 |
| 08/17/2015 | DMS | A104 Review/analyze — review and analyze class counsel fee motion | 0.80 | 400.00 | 320.00 |
| 10/09/2015 | DMS | A104 Review/analyze — review and analysis of Chase response to objections, motion for final approval; plaintiffs response to objections | 4.50 | 400.00 | 1800.00 |
| 10/20/2015 | DMS | A101 Plan and prepare for — prepare for fairness hearing, including review of pertinent materials and preparation to argue regarding dedicated and residual cy pres | 6.50 | 400.00 | 2600.00 |
| 10/21/2015 | DMS | A101 Plan and prepare for — prepare fpor fairness hearing; update research | 3.60 | 400.00 | 1440.00 |
| 10/22/2015 | DMS | A109 Appear for/attend — attend fairness hearing and argue regarding cy pres | 3.00 | 400.00 | 1200.00 |
| 11/06/2015 | DMS | A104 Review/analyze — review and analyze Chase memorandum in support of dedicated cy pres, and case law cited therein | 2.20 | 400.00 | 880.00 |
| 11/09/2015 | DMS | A103 Draft/revise — draft response to chase statement in support | 5.30 | 400.00 | 2120.00 |
| 11/10/2015 | DMS | A103 Draft/revise — review CPG redline and make edits and revisions | 1.60 | 400.00 | 640.00 |
| 11/11/2015 | DMS | A103 Draft/revise — revise response based on CPG comments | 2.20 | 400.00 | 880.00 |
| 12/14/2015 | DMS | A101 Plan and prepare for — prepare for status hearing | 1.10 | 400.00 | 440.00 |
| 12/15/2015 | DMS | A109 Appear for/attend — prepare for and attend (via telephone) status conference | 1.90 | 400.00 | 760.00 |

**For professional services rendered** 76.60 **$30,640.00**

| | |
|---|---|
| Finance Charges | $0.00 |
| Invoice Amount | $30,640.00 |
| Payment Received | $0.00 |

Invoice # 10

# Samson Appellate Law
201 Biscayne Blvd Suite 2700
Miami, FL 33131
Phone: (305) 726-1131

| | |
|---:|---:|
| **Remaining Balance** | $30,640.00 |
| **Previous Invoices Balance** | $0.00 |
| **Balance Due** | $30,640.00 |

**From:** Daniel Samson <dan@samsonappellatelaw.com>
**Sent:** Friday, January 15, 2016 9:54 AM
**To:** Christopher Perez-Gurri
**Cc:** Jeanine Perez-Gurri
**Subject:** Doyley Costs

Hotel $313.12
Flight $406.09
Food: $31.74
Taxis: 88.76

Total: $839.71

Thanks.

Daniel M. Samson
Samson Appellate Law
201 S. Biscayne Blvd. #2700
Miami, FL 33131
O: 305-341-3055
C: 305-726-1131

1

# **EXHIBIT B**



January 29, 2015

Tamiqueca J. Johnson Doyley
3390 Jaja Plum Avenue
Miramar, FL 33025

Re: *Retainer Letter*
*Gehrich v. Chase Bank USA, N.A.*

Dear Ms. Johnson Doyley:

Thank you for choosing this law firm and Samson Appellate Law to provide you with legal services in connection with your objection to the class action settlement in the above-referenced matter. Of course, we cannot guarantee success in any given matter, but we do commit to representing your interests professionally, diligently and with a high degree of integrity and loyalty.

This Retainer Agreement and the accompanying Billing Policy Statement set forth the terms, conditions and policies upon which our law firm proposes to provide you with legal services and the basis upon which we expect to be compensated for such services. To the extent that this letter is inconsistent with the Billing Policy Statement, this letter shall control.

At this time, our services will consist of the following: **We will represent you on your objection to the class action settlement in the above-referenced matter. This representation includes preparing and filing the necessary documents to lodge your objection in the district court and if necessary an appeal to the United States Court of Appeals.**

Any and all costs that are incurred in this matter, including, but not limited to, the costs of local counsel and all filing fees, shall be paid by GPG Law and Samson Appellate Law on a 50-50 basis.

If recovery is made by court order either by the District Court's sustaining of the Client's objection, or after a successful appeal, it is understood by the Client

Geffin Perez-Gurri LLP
101 NE 3rd Avenue, Suite 1110, Fort Lauderdale, Florida 33301
Tel: 954-533-5530 | Fax: 954-374-6588

that any recovery for herself and any attorney's fee award will be determined by court order.

If a recovery is made by settlement agreement, you will be entitled to 20% of the gross settlement as payment for your actual losses, and a class service award. By signing this agreement, you agree that all remaining proceeds from any settlement are deemed to be reasonable attorney's fees which shall be split evenly between GPG Law (40%) and Samson Appellate Law (40%).

By signing this agreement, you represent that you understand that the attorney's fees recovered are likely and almost certainly to be greater than your recovery. By signing this agreement, you further represent that you understand that in the class action context a client's recovery will necessarily be less than attorney's fees recovered by either court order or settlement. Lastly, by signing this agreement, you also represent that you have been afforded an opportunity to obtain independent legal advice regarding this agreement.

In the event our engagement involves representing your interests in litigation, it is critical that you maintain and preserve any and all documents or materials which may be relevant at the trial of your case. If in doubt about the potential relevance of documents or materials which you possess, we urge you to maintain those items pending the outcome of the litigation.

Please review the contents of this Retainer Agreement and the accompanying Billing Policy Statement carefully and if the terms and conditions set forth are acceptable to you, please execute this Retainer Agreement in the space below and return it to us with the requested retainer amount and cost deposit.

Once again, we thank you for choosing GPG LAW to represent you. We appreciate your confidence and we look forward to working with you.

Yours truly,

**GPG LAW**

By: _____
Christopher Perez-Gurri

**SAMSON APPELLATE LAW**

By: _____
Daniel Samson

Geffin Perez-Gurri LLP
101 NE 3rd Avenue, Suite 1110, Fort Lauderdale, Florida 33301
Tel: 954-533-5530 | Fax: 954-374-6588

The terms and conditions of the above Retainer Agreement and the accompanying Billing Policy Statement are acceptable and are acknowledged, accepted and agreed to on this 29th day of January, 2015.

By: _____
Print Name: Damiqueca J. Johnson Doyley

## GPG LAW
## BILLING POLICY STATEMENT

This Billing Policy Statement is referred to in the accompanying Retainer Agreement and is incorporated therein. It sets forth terms and conditions which are, along with the terms and conditions of the Retainer Agreement, your contract with our law firm.

The Florida Bar has published guidelines setting forth the basis upon which attorney's fees may be charged in any legal representation. We take into account those guidelines when determining the basis upon which we charge clients for our legal services. Ordinarily, we charge for our services on an hourly basis. Each attorney in our firm is required to keep track of all time expended on any legal matter. At the end of each billing period, the total time and a description of the services performed are set forth in an invoice which will be sent to you via e-mail unless we are notified otherwise. The amount of legal fees charged represents the total amount of time expended by each lawyer on a matter multiplied by that lawyer's hourly rate. Hourly rates have been set according to standards which apply generally in the South Florida legal market. In most, if not all, instances, our hourly rates are either equal to or less than those charged by firms providing similar services by attorneys of comparable expertise and experience.

The hourly rates for the attorneys currently in our office are as follows:

> Alan G. Geffin, $400 per hour
> Chris Perez-Gurri, $285 per hour
> Jared Guberman, $195 per hour

In addition, Dorothy Pitcher, Jeanine Perez-Gurri and Tami D'Oyley, on occasion, provide paralegal services. We charge $125 per hour for such services. Also, our legal assistants, Susan Geffin and Mindy Greenberg, may work on your file. We charge $105 per hour for the services performed by our legal assistants.

During the course of our legal representation, our hourly rates may be changed without advance notice. This will be done only in the event that it is determined that rates have increased in the marketplace.

In connection with our Firm's engagement, it is likely that you will have provided to the Firm a retainer in connection with services rendered or to be rendered. Unless otherwise specified, you understand that such retainer is non-refundable.

On occasion, we may utilize prior work product or, computer models and computer-generated legal research. Use of such procedures saves time and money. For example, legal research done through Lexis may save many hours of manual research. In every instance that we charge you for such type of service, we believe that the charge is significantly lower than if we were required to perform the service manually.

Sometimes, while providing legal services on a specific matter for a specific client pursuant to a Retainer Letter and this Billing Policy Statement, a client will ask us to perform legal services in a different matter or for a different legal entity. Because of

time constraints or other reasons, we may do so without obtaining a new Retainer Letter. In the absence of a specific Retainer Letter in such matters, you agree that such matters will be handled upon the same terms and conditions as are set forth in this Billing Policy Statement and the accompanying Retainer Letter.

This law firm is committed to doing what is necessary to be successful in any matter at the lowest possible expense to our clients. We pride ourselves in our ability to focus on a legal problem and to attack it directly. We do not believe in double-chairing, excessively long depositions, extraordinary discovery or other activities unless necessary. Clients we have represented in the past have appreciated our attitude and approach in this respect. You understand that in our providing legal services to you that this is the approach that we will be taking on your behalf.

The policy of this firm is to provide the most competent service required to successfully perform a given function at the lowest cost to the client. Therefore, while a more senior attorney may handle matters requiring more expertise and experience, less experienced attorneys may be requested by the attorney supervising the file to assist him or her such as attending hearings on relatively minor matters, taking and defending depositions, preparing legal memoranda, preparing motions and pleadings and providing similar services. Also, there may be occasions when there is a requirement to perform an act or attend a hearing where the primary attorney has a conflict and the matter cannot be postponed. In such instances, another attorney in our firm will be asked to provide such service. All of the attorneys in our firm are fully capable and will be fully capable of handling any matter to which such attorney is assigned.

You understand that during the course of representation in any legal matter, this law firm will incur certain expenses and costs. You are responsible for reimbursing us for such expenses and costs. These include, but are not limited to, the following: filing fees; cost of service of process; attendance fees of court reporters at depositions and hearings; the cost of transcribing depositions and hearings; payment of experts; postage; copying charges, both internal and external; extraordinary telephone expenses such as long-distance calls or other toll-type calls; courier and overnight delivery service; incorporation costs; transportation charges; travel and lodging; extraordinary secretarial overtime; and word processing.

Because we are a relatively small law firm which prides itself on providing its services economically, it is extremely important that you pay the invoice as soon as possible and no later than ten (10) days after its receipt. If you do not contact us within such ten days, we will presume that you agree with the accuracy and applicability of the charges contained in the invoice. If payment is not received by our firm within thirty (30) days after your receipt of our invoice, we reserve the right to charge interest on your account at 1.50% per month until paid.

Although we do not contemplate the need for doing same, the possibility exists that we will conclude that a necessity exists to refer an unpaid account to an attorney or collection agency. If so, you will be required to pay reasonable attorney's fees, interest and costs incurred by virtue of such reference. You understand that you will be required to pay such charges even if only a portion of the amount you fail to pay is determined to be owed. Therefore, it is always in your best interest to pay, at the very least, any portion of an invoice that you agree should be paid. The venue for any

dispute pertaining to the services performed, the Retainer Agreement and/or this Billing Policy Statement is Broward County, Florida.

On occasion, our firm may be entitled to reimbursement of its attorney's fees from the opposing party in a lawsuit. Any amount awarded by the Court under such process will not be determinative of the total amount of attorney's fees owed by you to this firm for the services rendered. You will, however, receive a credit toward such fees. Our firm may retain any surplus as a bonus. Any amount so awarded will be added to the total recovery obtained by this law firm in the event that a contingency factor is to be applied. Any action which we take to collect attorney's fees on your behalf are included within the services provided to you and are to be compensated pursuant to the terms of the Retainer Letter.

We advise you that attorney's fees are awardable in litigation matters if prescribed in a statute or when a contract provides for the award of such fees. In any instance where an opposing party may be entitled to the award of attorney's fees, it is you who must pay such fees if they are awarded.

In the event that this law firm achieves an extraordinary result on your behalf, that is, fully achieves your objectives or transcends your expectations in a given legal matter, you will pay our firm a reasonable bonus represented by a supplemental fee between 5% and 15% of any monetary benefit to you.

In all litigation matters, the foregoing fee arrangement only includes and is limited to legal services to be rendered in the trial court. In the event that we are requested to either prosecute or defend an appeal or to perform any services post-judgment, we will be paid an additional fee (in an amount which will be agreed upon between us) for all services rendered post-judgment or in any appeal. Before seeking or defending injunctive relief on your behalf, we reserve the right to request an additional retainer based upon the time and complexity of the issue(s). We also reserve the right to request a trial retainer, that is, a supplemental retainer before commencement of a trial to cover anticipated fees earned during the trial.

We reserve the right to withdraw from all representation at any time that any invoices or statements of our fees or costs are not timely paid. We also reserve the right to withdraw as your attorneys in any full or partial contingency matter in which you refuse to agree to a settlement which we deem to be a business justified settlement. Should we deem it necessary to withdraw from representing you due to lack of timely payment, or due to other grounds consistent with the ethical standards of The Florida Bar, then we shall have a right to a retaining lien against documents or other property, including any funds we hold for you in our trust account, until all sums due to us are paid in full.

Upon the conclusion of any legal matter, it is our policy to dispose of the files as follows: First, we destroy pleadings (these are kept in the Court file which is stored and may be retrieved by contacting the Court). Second, we retain correspondence. Third, we return all primary documents and copies to you. You will pay for delivery of such documents to you. If you do not accept delivery or refuse to pay for delivery of such documents, we may destroy such documents. If you ask us to retain files for you, you will pay us a reasonable storage fee in connection with such retention.

With respect to any litigation matter which this law firm undertakes on your behalf, our services will conclude upon the rendering by the trial court of final judgment. If requested to do so, we will continue to represent you with respect to any hearings held to determine the award of attorney's fees in such proceedings. Our continued representation will be pursuant to the same terms and conditions of this Billing Policy Statement and the accompanying Retainer Agreement.

We advise you that a final judgment entered on behalf of any party in a law suit may exist as a lien on Florida real property for twenty (20) years upon proper recording, i.e. two periods of seven (7) years and a final period of six (6) years in any Florida county where recorded. You also understand that if within ninety (90) days prior to expiration of the initial and second seven-year periods, your judgment is not properly re-recorded, it ceases to be a lien on realty in such county. You agree to assume full responsibility to perfect and extend the effect of your judgment lien by timely recording and re-recording the judgment as required by law. Our firm is not responsible to take such actions on your behalf unless it is specifically agreed in a separate writing to do so.

The Retainer Letter and this Billing Policy Statement constitute the entire agreement between you and our firm. There are no other agreements between us. Any prior written or oral statements made to you are not binding upon our law firm.

We believe that the terms and conditions set forth in the Retainer Letter and this Billing Policy Statement are legal, ethical and fair. They are also consistent with the firm's primary policy of providing quality legal services at the least cost possible to you, the client. If you have any questions about the Retainer Letter or this Billing Policy Statement, please contact us.

We look forward to working with you on this and other matters.