UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | CASE NO. 1:12-CV-5510<br><br>Honorable Gary Feinerman |

## MOTION TO ENJOIN OBJECTOR-APPELLANTS FROM VOLUNTARILY DISMISSING THEIR APPEALS ABSENT COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 23(E)(5)

Objector D'Oyley respectfully requests the Court to enter an order enjoining objector appellants from voluntarily dismissing their appeals without complying with the court-approval procedure set for the in Fed. R. Civ. P. 23(e)(5). Ms. D'oyley recognizes that there appears to be no reported order granting or even entertaining such relief, but requests the Court to consider a good faith effort to improve the objector process.

Class counsel's Bond Motion asserts that many settlement objections are frivolous and vexatious [DE 272 at 1, 3-9]. Class counsel is correct and the studies to which the Bond Motion cites ([DE 275-1]), are compelling evidence of this. And yet, the situation Class Counsel complains of continues to persist. It cannot be solved with bond motions, because as this Court noted, in *Allen v. JP Morgan Chase, Bank, N.A.*, Case No 15-3425 (7th Cir. Dec. 4, 2015), the

United States Court of Appeals for the Seventh Circuit ruled that appellate cost bonds may not include anything but the costs permitted by the Federal Rules of Appellate Procedure.

The solution to the problem Class Counsel complains is found within the Federal Rules of Civil Procedure. Rule 23(e)(5) requires court approval for objectors to withdraw their objections, effectively ensuring the Court may review any settlement between the class and an objector. Entering an injunction that effectively requires the Rule 23(e)(5) procedure to be followed during the appellate process, will serve the interests of the settlement class in this action, and serve the public interest by ensuring that the Rule 23 objection process is always monitored for Court approval. Such a process serves the settlement class because the class is the owner of the settlement funds until they are distributed, and even nuisance-value settlements should be monitored by the Court for all the same reasons that any settlement during a District Court proceeding must be approved by the Court pursuant to Rule 23(e).

This process would fundamentally alter the dynamics of the objector process. No longer could serial objectors, asserting meritless or near-meritless objections, count on being able to hold class counsel ransom on appeal. If every settlement must be Court approved, then every settlement must benefit the Class. This procedure incentivizes objectors who believe they are asserting pure legal arguments for the benefit of the Class, and are willing to proceed to a final decision on appeal. And this procedure provides disincentives for serial objectors to assert positions that have little chance of being sustained.

This process comports with the Court's authority to enter such an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). In *Wisconsin Right to Life, Inc. v. Fed. Elec. Comm'n*, 542 U.S. 1305, 1306 (2004), the Supreme Court authorized use of the All Writs Act to issue injunctions pending appeal, where said injunctions are "(1) Necessary or appropriate in aid of ...

jurisdiction" and "(2) the legal rights at issue are 'indisputably clear.'" To be sure, the Supreme Court's holding was in the context of enjoining an Act of Congress pending appeal to the Supreme Court, but its interpretation of the All Writs Act is equally applicable to an injunction against voluntarily dismissing an appeal without compliance with Federal Rules of Civil Procedure Rule 23(e)(5).

And it is established that the All Writs Act provides District Courts with "[t]he inherent power" "to prevent or remedy actions designed to or having the effect of deterring the use of courts." *EEOC v. Locals 14 & 15, Int'l Union of Operating Engrs.*, 438 F. Supp. 876, 880 (S.D.N.Y. 1977). A settlement procedure that permits Rule 23(e) to be bypassed during the pendency of an appeal is just such an action.

Rule 23(e)(5) is silent whether it applies to voluntarily dismissing an appeal by an objector. But it certainly requires District Court approval to withdraw an objection, and it is difficult to conjure a distinction between withdrawing an objection and withdrawing an appeal of the denial of that objections. Indeed, the text of the rule is clear: District Courts are to approve settlements in the class action context in order to act as a check on abusive settlements and to benefit the class with an extra-level of oversight. There is no reason why that process should not pertain on appeal.

Moreover, this Court "has continuing authority to enforce a settlement agreement where the agreement is … incorporated into the court's final judgment." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844-45 (6th Cir. 2009), *citing, Kokkonen v. Guardian L:ife Ins. of Am.*, 511 U.S. 375, 380-61 (1994). The parties' obligations under the settlement agreement at issue include obligations to comply with Rule 23, and it takes no great leap to contend that this Court has jurisdiction to enter an injunction preventing objector-appellants from

voluntarily dismissing their appeals without court approval pursuant to the requirements of Rule 23(e)(5).

Although reversing an injunction entered "by one federal court" to enjoin settlement discussions "in a different federal court", the Third Circuit held that the existence of Rule 23(e) protections was why an injunction could not be entered in those circumstances. *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 332 (3rd Cir. 2007). Because Rule 23(e) provided an adequate remedy to protect the class in the action sought to be enjoined, no injunction against settlement could issue. *Id*. That reasoning militates in favor of issuing an injunction where the protections of Rule 23(e)(5) are being bypassed.

Finally, the Court has jurisdiction to "entertain[] motions collateral to the judgment or motions which would aid in resolution of the appeal." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 792 (7th Cir. 1972). *Accord, Kafantaris v. Signore*, 2012 WL 3880056, *3 (N.D. Ill. Sept. 5, 2012). This motion meets both factors as the motion does not interfere with the appellate court's review of the orders on appeal, and is therefore collateral. Enjoining voluntary dismissal of an objector appeal without Rule 23(e)(5) compliance, is entirely collateral to the issues on appeal, affecting the settlement process but not the appellate review process. Moreover, this motion is in aid of resolution of the appeal by seeking assurance that the appellate process is not disrupted by voluntary dismissals of objector appeals without this Court's approval in compliance with Rule 23(e).

Undersigned counsel has contacted class counsel regarding the relief requested by this motion and undersigned has not received a response to such request.

## CONCLUSION

Based upon the foregoing, Objector D'Oyley and her counsel respectfully request that this Court grant Objector D'Oyley's Motion MOTION TO ENJOIN OBJECTOR-APPELLANTS FROM VOLUNTARILLY DISMISSING THEIR APPEALS ABSENT COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 23(E)(5).

RESPECTFULLY SUBMITTED AND DATED this 28th day of July, 2016.

**GPG LAW**

By: /s/ Christopher J. Perez-Gurri, *Admitted Pro Hac Vice*
Christopher J. Perez-Gurri, *Admitted Pro Hac Vice*
Email: chris@gpglawfirm.com
Alan G. Geffin, *Admitted Pro Hac Vice*
Email: alan@gpglawfirm.com
101 NE 3rd Avenue, Suite 1110
Fort Lauderdale, FL 33301
Telephone: (954) 533-5530
Facsimile: (954) 374-6588

Daniel M. Samson, *Admitted Pro Hac Vice*
Email: dan@samsonappellatelaw.com
SAMSON APPELLATE LAW
201 S. Biscayne Blvd. #2700
Miami, Florida 33131
Telephone: (305)341-3055
Facsimile: (305)379-3428

## CERTIFICATE OF SERVICE

I, Christopher J. Perez-Gurri, hereby certify that on July 28, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested parties.

**GPG LAW**

By: /s/ Christopher J. Perez-Gurri, *Admitted Pro Hac Vice*
Christopher J. Perez-Gurri, *Admitted Pro Hac Vice*
Email: chris@gpglawfirm.com
Alan G. Geffin, *Admitted Pro Hac Vice*
Email: alan@gpglawfirm.com
101 NE 3rd Avenue, Suite 1110
Fort Lauderdale, FL 33301
Telephone: (954) 533-5530
Facsimile: (954) 374-6588