UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN I. GEHRICH, ROBERT LUND, COREY GOLDSTEIN, PAUL STEMPLE and CARRIE COUSER, individually and on behalf of all others similarly situated, | NO. 1:12-CV-5510 |
| Plaintiffs, | Honorable Gary Feinerman |
| v. | |
| CHASE BANK USA, N.A., and JPMORGAN CHASE BANK, N.A., | |
| Defendants. | |

**OBJECTOR KRISTINA LOPEZ'S MEMORANDUM IN OPPOSITION TO MOTION TO ENJOIN OBJECTOR-APPELLANTS FROM VOLUNTARILY DISMISSING THEIR APPEAL ABSENT COMPLIANCE WITH FEDERAL CIVIL PROCEDURE 23(E)(5)**

I. Background.

Kristina Lopez timely filed her objection to this class action settlement on February 9, 2016. Dkt. No. 152. This Court overruled the objections and approved the settlement and Class Counsels' attorneys' fees in a Memorandum Opinion and Order on March 2, 2016. Dkt. No. 241.

On March 22, 2016, Ms. Lopez filed a timely notice of appeal from the order approving the settlement and awarding attorneys' fees. Dkt. No. 248. Her objections to the order approving the settlement and attorneys' fees are pending before the Seventh Circuit, which has already initiated its mediation procedures. See *Jonathan Gehrich, et al. v. Chase Bank USA, N.A. et al.*, Case No. 16-1643,

Dkt. No. 20.

Another objector, Tamiqueca J. Johnson D'oyley, filed an objection to the settlement on February 9, 2015. Dkt No. 150. She ostensibly elected not to appeal from this Court's order approving the settlement and awarding attorneys' fees. She did, however, request more than $300,000 in attorneys' fees from her claimed victory in relation to this Court's cy pres ruling. Dkt Nos. 235, 242, 245, at 9. This Court rejected her request for attorneys' fees (Dkt. No. 266), and Ms. D'oyley filed a notice of appeal from this ruling. Dkt. No. 277.

In her motion, D'oyley's seeks to enjoin the objectors who challenge this Court's order approving the settlement and awarding attorneys fees, before the Seventh Circuit, from withdrawing their appeals without permission of this District Court.

## II. Objector D'oyley Admits There is No Authority Anywhere Supporting Her Request.

D'oyley's attorneys admit that "there appears to be no reported order granting or even entertaining such relief[.]" Dkt. No. 279, at 1. The only case even tangentially touching on the issue cited by D'oyley, *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 332 (3rd Cir. 2007), would appear to reject the proposition outright. There is nothing in *Grider* that even intimates that a federal district court may enjoin parties before a federal circuit court of appeals from settling or withdrawing their appeals without district court approval.

Federal Rule of Civil Procedure 23(e)'s requirement that the district court approve the withdrawal of objections, on its face, applies to proceedings before the district court, and not the court of appeals. This Court should not craft a new rule on the D'oyley's suggestion.

## III. Enjoining Appellant Objectors from Dismissing their Appeal without District Court Approval Would Interfere with the Jurisdiction of the Seventh Circuit.

The proposed relief sought by D'oyley would also require this Court to encroach upon the Seventh Circuit's jurisdiction over the appeal. Under 28 U.S.C. § 1291, the Seventh Circuit has jurisdiction "of appeals from all final decisions of the district courts[.]" *Bell v. Taylor*, 791 F.3d 745,

749 (7th Cir. 2015). By restricting the appellants' ability to withdraw their appeals, D'oyley's proposed injunction would invade the sole province of the Seventh Circuit.

D'oyley's requested injunction would also cast aside Federal Rule of Appellate Procedure 33 and the Seventh Circuit Local Rule 33, which contemplate without reservation, that the court may enter order implementing settlement agreements. FED. R. APP. P. 33 ("[t]he court may . . . enter an order controlling the course of the proceedings or implementing any settlement agreement"); Seventh Cir. L. R. 33. D'oyley's reading would thus undermine the Seventh Circuit's mediation program, which has already been initiated by the Court of Appeals Objector Lopez's case.

## Conclusion and Prayer

In the complete absence of supportive authority, Objector Kristina Lopez urges that this Court reject the D'oyely's Motion to Enjoin Objector-Appellants from Voluntarily Dismissing Their Appeal Absent Compliance with Federal Civil Procedure 23(e)(5).

DATED: August 22, 2016               Respectfully submitted,

/s/ *C. Jeffrey Thut*
C. Jeffrey Thut
Noonan, Perillo & Thut
25 N. County Street
Waukegan, IL 60085
Telephone:   (847) 244-0111
Facsimile:   (847) 244-0513
Email: jthut@npt-law.com

Attorneys for Objector/Class Member

3

## Certificate of Service

The undersigned certifies that today he filed the foregoing reply Notice of Appeal on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: August 22, 2016

/s/ C. Jeffrey Thut
C. Jeffrey Thut